# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

CONGREGATION JESHUAT ISRAEL,

       Plaintiff

v.                                                                          C.A. NO. 12-822-S

CONGREGATION SHEARITH ISRAEL.

       Defendant

## PLAINTIFF'S OBJECTION FOR MOTION FOR STAY

       Plaintiff Congregation Jeshuat Israel objects to Defendant's Motion to Stay this action pending a determination by the United States District Court for the Southern District of New York as to whether it has personal jurisdiction over Congregation Jeshuat Israel in the action entitled <u>Congregation Shearith Israel v. Congregation Jehuat Israel</u>, C.A. No. 12-cv-8406, that was commenced on November 16, 2012, after this action was filed.

       For grounds therefore, Plaintiff relies upon the accompanying memorandum.

       Respectfully Submitted:

       CONGREGATION JESHUAT ISRAEL,

       By Its Attorneys,

       PARTRIDGE SNOW & HAHN LLP

       *//s//Steven E. Snow*
       Steven E. Snow (#1774)
       180 South Main Street
       Providence, RI  02903
       (401) 861-8200 / (401) 861-8210 FAX
       ses@psh.com

DATED:  December 20, 2012

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 20th day of December, 2012, I caused a true copy of the within document to be delivered through the ECF system to all counsel of record.

*//s//Steven E. Snow*

1745256/7804-2

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

CONGREGATION JESHUAT ISRAEL,

          Plaintiff

v.                                      C.A. NO. 12-822-S

CONGREGATION SHEARITH ISRAEL.

          Defendant

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS OBJECTION FOR MOTION FOR STAY

Plaintiff, Congregation Jeshuat Israel, has objected to Defendant's motion for a stay.  Under the circumstances, a stay is neither warranted nor necessary.

On November 8, 2012, Plaintiff initiated this action, originally in Newport Superior Court, seeking injunctive relief and declaratory judgment relating to the ownership and right to sell a set of Colonial-era rimonim (finial bells) which have been in Plaintiff's continual possession and control for approximately 130 years.  Defendant removed the action to this Court on November 14, 2012, based upon diversity of citizenship.  Thereafter, on November 16, 2012, Defendant filed a related action in the United States District Court for the Southern District of New York, entitled <u>Congregation Shearith Israel v. Congregation Jehuat Israel</u>, C.A. No. 12-cv-8406, which has been assigned to Senior Judge Cedarbaum.  On December 6, 2012, Defendant filed an amended answer and counterclaim in the instant case.  The counterclaims in this case are a virtual mirror image of the complaint that Defendant filed in New York.  Defendant characterizes its claims both in this case and in the New York action as a dispute over the "ownership, rights, status and legal relations relating to the building, real estate and any and all personalty used by or for Touro Synagogue."  (Defendant's counterclaim, Docket Number 8 at

Paragraph 7).  In both actions, Defendant seeks a declaration concerning the ownership of and legal and equitable rights in the Rimonim, along with the land, building and other personalty used by Touro Synagogue, together with claims for injunctive and equitable relief.

On December 14, 2012, Congregation Jeshuat Israel moved to dismiss the New York action on jurisdictional grounds and alternatively moved to transfer the action to this Court. More specifically, despite Defendant's conclusory allegations to the contrary, the New York Court lacks personal jurisdiction over the Plaintiff because Congregation Jeshuat Israel is not present in New York, conducts no business there, and its dealings with Defendant are insufficient to establish jurisdiction under New York's long arm statute.  Moreover, the relevant transfer-of-venue factors, including the locus of the operative facts and trial efficiency in the interest of justice, mandate transfer of the New York action to this Court.  The case concerns real and personal property physically located in Rhode Island and the governance of a famous Rhode Island institution – Touro Synagogue.  What is more, the pendency of Touro Synagogue's first-filed action in Rhode Island creates a presumption that the case be heard here.  In addition, Defendant actually seeks broader relief in its counterclaims in this Court than it does in New York, since it seeks to evict Congregation Jeshuat Israel from the land and building which it has occupied for over 130 years.  Thus, the more complete relief can be accorded to the parties in Rhode Island, which is clearly the focal point of the parties' dispute.

While Plaintiff anticipates that Judge Cedarbaum will rule on the motions before her in a prompt fashion (a hearing is currently scheduled for January 17, 2013), there is no reason for a stay by this Court at this time.  The pleadings have been filed and the issues have been joined in this Court.  The next step is discovery, which would be the same  regardless of the forum.  Moreover, Defendant's odds of meeting its burden of proof to establish personal jurisdiction over the Plaintiff are so remote that delay, however small, should not be tolerated.

4

Accordingly, Plaintiff respectfully prays that the Defendant's motion for a stay be denied.

Respectfully Submitted:

CONGREGATION JESHUAT ISRAEL,

By Its Attorneys,

PARTRIDGE SNOW & HAHN LLP

*//s//Steven E. Snow*
Steven E. Snow (#1774)
180 South Main Street
Providence, RI  02903
(401) 861-8200 / (401) 861-8210 FAX
ses@psh.com

DATED:  December 20, 2012

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of December, 2012, I caused a true copy of the within document to be delivered through the ECF system to all counsel of record.

*//s//Steven E. Snow*

1745265/7804-2

5