# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| CONGREGATION JESHUAT ISRAEL, | |
| Plaintiff | |
| v. | C.A. NO. 12-822-M (LDA) |
| CONGREGATION SHEARITH ISRAEL. | |
| Defendant | |

### PLAINTIFF CONGREGATION JESHUAT ISRAEL'S OPPOSITION TO CONGREGATION SHEARITH ISRAEL'S MOTION FOR ENTRY OF PROTECTIVE ORDER

Plaintiff Congregation Jeshuat Israel ("CJI") respectfully opposes the motion of defendant Congregation Shearith Israel ("CSI") for entry of a protective order in the form attached as Exhibit A to CSI's motion. Instead, CJI respectfully requests that the Court enter the protective order attached as Exhibit A to this submission. There are two differences between the proposed orders, as noted in the attached red-lined version of the orders attached here as Exhibit B.

First, CSI asks this Court to issue a protective order providing that material produced in this action "shall be deemed produced" in a related litigation pending in the United States District Court for the Southern District of New York, and *vice versa*. The "cross-discovery" provision that CSI seeks is premature, since discovery is not proceeding and may never proceed in the New York Action. CJI has moved to dismiss that case or in the alternative transfer that action to this District. In addition, CSI has sought permission to conduct discovery in the New York Action while CJI's motion is pending, and CJI has opposed CSI's request. The District Judge in New York has not yet ruled on these applications. Unless and until the New

York Court permits discovery to proceed, either by denying CJI's motion and/or granting CSI's request, any provision with respect to discovery in the New York Action is premature and unnecessary. The parties can revisit the issue of "cross-discovery" if the New York Court permits discovery to proceed.

Beyond being premature, it is unclear whether this Court even has authority to include the language proposed by CSI. CSI proposes an order in which material produced in this action is "deemed produced" in the New York Action. CSI effectively asks the Court to issue an order in another lawsuit pending in another federal district court in another state, but CSI does not provide any support for that extraordinary request.

Second, CSI argues that the protective order should include a provision stating that the restrictions in the order do not apply to the use of material that "was, is or becomes public knowledge, . . . not as a result of discovery in this Action . . . ." (CSI Exh. A ¶ 2). This language is incomprehensible, which is reason enough not to include it. The provision also is objectionable to the extent CSI seeks to prevent a party from using a public, non-confidential document simply because the party learned of the existence of the document "as a result of discovery" in this case. A public document is a public document, regardless of how a party learns of its existence. The language proposed by CJI concerning the use of public documents is clearer and more appropriate: "The restrictions set forth in [this Protective Order] shall not apply to Material that (i) was, is or becomes public knowledge, not in violation of this Protective Order; (ii) is acquired by a non-Designating Party from a third party having the right of disclosure of such information or material; or (iii) was lawfully possessed by a non-Designating Party prior to entry by the Court of this Protective Order."

For these reasons, CJI respectfully requests that the Court enter the protective order attached as Exhibit A to this submission.

        CONGREGATION JESHUAT ISRAEL,

By Its Attorneys,

PARTRIDGE SNOW & HAHN LLP
*//s//Steven E. Snow*
Steven E. Snow (#1774)
40 Westminster Street, Suite 1100
Providence, RI  02903
(401) 861-8200 / (401) 861-8210 FAX
ses@psh.com


KRAMER LEVIN NAFTALIS & FRANKEL LLP
*//s//Gary P. Naftalis*
Gary P. Naftalis (admitted *pro hac vice*)
Jonathan M. Wagner (admitted *pro hac vice*)
Tobias B. Jacoby (admitted *pro hac vice*)
1177 Avenue of the Americas
New York, NY  10036
(212) 715-9253 / (212) 715-9238 FAX
gnaftalis@kramerlevin.com
jwagner@kramerlevin.com
tjacoby@kramerlevin.com

DATED:  October 2, 2013

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of October, 2013, I caused a true copy of the within document to be delivered through the ECF system to all counsel of record.

        *//s//Steven E. Snow*

1921551_1/7804-2