# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

------------------------------------------------------ x
:
CONGREGATION JESHUAT ISRAEL, :
: C.A. NO. 12-822-M
Plaintiff, :
:
- against - :
:
CONGREGATION SHEARITH ISRAEL, :
:
Defendant. :
:
------------------------------------------------------ x

## [PROPOSED] ORDER FOR THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION

This protective order (the "Protective Order") applies to (i) Congregation Jeshuat Israel, (ii) Congregation Shearith Israel, and (iii) such other entities or individuals that shall become signatories by executing the Additional Party Addendum attached hereto as Exhibit A (collectively, the "Parties" and, individually, each a "Party"), through their respective counsel.

WHEREAS the discovery process may require a Party to disclose to the other Parties Confidential Material, as defined below; and

WHEREAS, the Parties wish to both facilitate efficient discovery and protect any Confidential Material in accordance with applicable law; and

WHEREAS, good cause exists for entry of a protective order of confidentiality; now, therefore,

IT IS HEREBY ORDERED that:

1.  This Protective Order shall govern the handling of all documents (including all "documents" as defined in Fed. R. Civ. P. 34(a)), deposition testimony, deposition

exhibits, deposition transcripts, written discovery requests, interrogatory responses, responses to requests to admit, responses to requests for documents, and any other information or material contained therein or derived therefrom (collectively "Material") produced, exchanged or provided by the Parties in connection with this Action.

2. All Material produced, exchanged, or provided by the Parties shall be handled in accordance with this Protective Order, and shall be used only for purposes related to this Action.

3. Any Party who provides or produces Material to any other Party in connection with this Action (a "Designating Party") may designate as "Confidential Material" any Material provided or produced by the Designating Party if the Designating Party in good faith believes the Material is, reflects, or reveals non-public, confidential, proprietary, financial, sensitive, or other confidential information entitled to protection under the Federal Rules of Civil Procedure, any other applicable law, rule or regulation, or another confidentiality agreement.

4. "Confidential Material," as used in this Protective Order, also includes "trade secret or other confidential research, development, or commercial information," as those terms are construed within the meaning of Fed. R. Civ. P. 26(c)(l)(G).

5. A Designating Party shall designate documents that it believes should be subject to Confidential Material treatment under this Protective Order by:

(a) placing or affixing on them the words "Confidential Material - Subject to Protective Order";

(b) placing or affixing the words "Confidential Material - Subject to Protective Order" on the cover of any multi-page document, which shall designate all pages of the document as Confidential Material, unless otherwise indicated by the Designating Party; or

(c) in the case of electronically produced information, by placing or affixing a label stating "Confidential Material - Subject to Protective Order" on any magnetic or electronic media (e.g., videotape or computer disk or DVD or CD-Rom) and by including the word "Confidential" in the file or directory name.

6. Wherever practicable, Confidential Material produced electronically shall be formatted such that printed copies of any document(s) contained therein shall print with a header or footer stating, "Confidential Material - Subject to Protective Order."

7. A Designating Party may designate as Confidential Material that part of a deposition or other pre-trial testimony that discloses or discusses Confidential Material (i) by making a statement to that effect for inclusion in the transcript at, or prior to, the conclusion of the deposition or other pre-trial proceeding; or (ii) by written notice, sent by counsel to all parties to the Action within five (5) business days after the receipt of the final transcript of the deposition or other pre-trial testimony, identifying the specific pages thereof designated as Confidential Material. In both of the foregoing instances, counsel for the Designating Party shall direct that the legend "Confidential Material" be affixed to the portions of the original and all copies of the transcript containing any Confidential Material. Counsel shall not permit deposition transcripts or other pre-trial testimony to be distributed to persons beyond those Qualified Persons defined in Paragraph 9 below until the relevant period for the designation has expired, after which such deposition transcripts or other pre-trial testimony shall be treated in accordance with their designation, if any. The Parties may modify this procedure for any particular deposition through agreement on the record at such deposition without further order of the Court. Confidential Material shall not be left in the possession of deponents or witnesses.

8. Confidential Materials and any copies thereof, and notes made therefrom, shall not be disclosed except to a "Qualified Person," defined as follows: (a) counsel in this

Action, including attorneys of record, of counsel, and in-house counsel, their partners and associate attorneys, and any litigation assistant, paralegal, or stenographic, secretarial or clerical personnel assisting counsel in this Action; (b) Congregation Jeshuat Israel and Congregation Shearith Israel, including their directors, officers, trustees, and affiliated persons designated to assist counsel in this Action; (c) experts who are assisting counsel in the preparation of this Action, including their assistants and stenographical, secretarial or clerical personnel; (d) witnesses and deponents in this Action; or (e) court personnel and any court reporter or typist recording or transcribing testimony.

9. All Qualified Persons receiving designated Confidential Material shall maintain it in a manner sufficient to protect against its unauthorized disclosure.

10. If a Party wishes to disclose Confidential Material to any Qualified Person described in paragraph 9(c) or (d), counsel for the Party seeking to disclose the Confidential Material shall first secure from each such Qualified Person a declaration in the form attached hereto as Exhibit A, stating that such person has read the Protective Order and agrees to be bound by it. The attorney securing the declaration shall maintain it until further order of the Court.

11. All pleadings, motion papers, memoranda, affidavits, exhibits, transcripts and other papers that constitute or contain Confidential Material shall, if filed with the Court, be placed in a sealed envelope endorsed with the caption of the action and marked or designated with the legend: "CONFIDENTIAL MATERIAL: SUBJECT TO PROTECTIVE ORDER." Where possible, only the confidential portions of filings with the Court shall be filed under seal. Parties must obtain leave of the Court before filing any document under seal. If leave is granted, Parties must file redacted copies with the Clerk of the Court. Denial of leave to file documents under seal has the effect of nullifying a Party or non-Party's "Confidential Material" designation

with respect to any documents or other discovery information that is ordered to be publicly filed with the Court.

12. Nothing in the foregoing provisions of this Protective Order shall be deemed to preclude the Parties from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality of documents or other discovery material or from seeking and obtaining leave to disclose documents or other discovery material beyond the terms of this Protective Order.

13. Nothing in this Protective Order shall be taken as indicating that any Material is in fact confidential or entitled to confidential treatment. Any Party may at any time seek an order from the Court determining that specified Material is not entitled to be designated or treated as Confidential Material. If such application to the Court is made, the material challenged as incorrectly classified shall remain Confidential Material until the Court rules on the application. The burden of showing that there is good cause for the designation and treatment of Confidential Material under this Protective Order shall remain with the Party making the designation.

14. Within ninety (90) days after the conclusion of the litigation of this Action, including the final resolution of any appeals (or the expiration of the time in which to notice an appeal if no appeal is taken), the Parties shall undertake reasonable and prudent efforts to return all Confidential Material to the Designating Party and, further, the Parties shall certify to the Court that such reasonable and prudent efforts have been undertaken; except that each Party may maintain one copy of any Confidential Material in its master file for this case, and may maintain one copy of any notes or summaries containing such Confidential Material in its master file for this case, provided that any copies of any Confidential Material or notes or

summaries containing such Confidential Material are clearly stamped "Confidential Material" or affixed with another legend indicating that the materials are subject to this Protective Order.

15. Sealed records which have been filed with the clerk shall be removed by the Party submitting them (1) within ninety (90) days after a final decision is rendered if no appeal is taken, or (2) if an appeal is taken from a final decision, within thirty (30) days after final disposition of the appeal. Parties failing to comply with this order shall be notified by the clerk that, should they fail to remove the sealed records within thirty (30) days, the clerk may dispose of them.

16. Inadvertent failure to designate Material as Confidential Material shall not constitute a waiver of such claim and may be corrected by prompt supplemental written notice designating such Material as Confidential Material. The Party receiving such supplemental written notice shall thereafter mark and treat materials so designated as Confidential Material and such Material shall be fully subject to this Protective Order as if it had been initially so designated.

17. In the event of a disclosure of Confidential Material to a person not authorized to receive it under the provisions of this Protective Order, and in the event the Party responsible for having made or allowed such disclosure becomes aware of such disclosure, that Party shall immediately inform counsel for the Party whose Confidential Material has thus been disclosed of all relevant information concerning the nature and circumstances of such disclosure. The responsible Party shall also take all reasonable measures promptly to ensure that no further or greater unauthorized disclosure of the Confidential Material is made by anyone.

18. If a Party's production of documents inadvertently includes privileged documents or documents containing privileged information, such Party's inadvertent production of any such documents will not constitute a waiver of privilege. Upon receiving notice from the

producing Party or its counsel that a particular document or class of documents has been inadvertently produced and is claimed to be privileged, or to contain privileged information, the receiving Party will promptly take reasonable steps to locate and return or destroy all copies of any such documents. The producing Party shall bear the reasonable costs associated with locating and returning or destroying such documents, including any reasonable database modification costs. Any such documents shall not thereafter be used by the receiving Party for any purpose, unless and until the documents are adjudicated to be non-privileged. Nothing in this paragraph shall alter any attorney's responsibilities under applicable law or codes of ethics when confronted with inadvertently produced privileged information or documents.

19. The provisions of this Protective Order shall survive the conclusion of this Action. Nothing contained herein shall constitute a waiver of the right to assert any objection to a discovery request; nor prevent disclosure beyond the terms of this Protective Order if the Designating Party consents in writing to such disclosure; nor limit or prejudice the right of any Party to seek a Court order broadening or restricting access to, or use of, Confidential Material, or for other modifications of this Protective Order.

20. Any Party or person to whom Confidential Material is disclosed pursuant to the Protective Order that receives a subpoena, order, or other request for production or disclosure of all or part of such Confidential Material shall, within five (5) business days after receiving such subpoena, order, or other request, provide written notice by facsimile or electronic transmission to the Designating Party, identifying the information or documents sought and attaching a copy of the subpoena, order, or other request. The person subject to the subpoena, order, or other request shall not produce or disclose Confidential Material without consent of the Designating Party, or until ordered by a court of competent jurisdiction to do so, provided that

-8-

the Designating Party makes a timely motion or other application for relief from the subpoena, order, or other request.

21. No provision of this Protective Order shall be construed to prevent any Party from introducing into evidence at any trial of this case any document or other material designated as constituting or containing Confidential Material.

22. The restrictions set forth in any of the preceding paragraphs shall not apply to Material that (i) was, is or becomes public knowledge, not in violation of this Protective Order; (ii) is acquired by a non-Designating Party from a third party having the right of disclosure of such information or material; or (iii) was lawfully possessed by a non-Designating Party prior to entry by the Court of this Protective Order.

23. Each Party may propose modifications to this Protective Order by further agreement of counsel if circumstances warrant or, for good cause shown, may seek to modify this Protective Order upon motion made to the Court.

-9-

24.     This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO ORDERED:

_____
United States District Judge

**EXHIBIT A**

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

------------------------------------------------------- x
: 
CONGREGATION JESHUAT ISRAEL,            :
                                         :   C.A. NO. 12-822-M
                         Plaintiff,      :
                                         :
         - against -                     :   ADDITIONAL PARTY ADDENDUM
                                         :
CONGREGATION SHEARITH ISRAEL,           :
                                         :
                         Defendant.      :
                                         :
------------------------------------------------------- x

I, _____, hereby certify that I have received a copy of the protective order in the above-captioned action (the "Protective Order"), and that I have read and understand its contents. I hereby agree to comply with the terms, conditions, and procedures regarding the use and disclosure of Confidential Material, as defined and set forth in the Protective Order. I understand that disclosure to me of Confidential Material is conditioned upon my agreement to comply with the terms, conditions, and procedures set forth in the Protective Order, and that my failure to so comply may constitute a contempt of the Court.

Dated: _____           _____