UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| CONGREGATION JESHUAT ISRAEL, | |
| Plaintiff | |
| v. | C.A. NO. 12-822-M |
| CONGREGATION SHEARITH ISRAEL. | |
| Defendant | |

**AMENDED ANSWER TO COUNTERCLAIM**

Plaintiff Congregation Jeshuat Israel ("Touro Synagogue"), by its undersigned counsel, hereby answers the counterclaim filed on December 6, 2012 as follows:

Introductory Paragraph.  The introductory paragraph of Defendant's counterclaim sets forth no facts to which a responsive pleading is required.  The introduction does, however, purport to condition the counterclaim upon the stay, dismissal or termination of the complaint filed by Congregation Shearith Israel ("Defendant" or "Shearith Israel") in the United States District Court for the Southern District of New York.  Defendant's "conditional" counterclaim is a *non-sequitur*, since it is a compulsory counterclaim pursuant to Fed. R. Civ. Pro. Rule 13(a) and does not meet the exceptions of Rule 13(a)(2).  The Federal Rules of Civil Procedure do not recognize a "conditional" counterclaim.

1.   Touro Synagogue admits that Congregation Shearith Israel is a Jewish congregation in New York and is the oldest such congregation in North America.  Otherwise, the allegations of Paragraph 1 are irrelevant and Plaintiff lacks sufficient information to form a belief as to the truth of the matters asserted therein.

2.   Plaintiff admits that Congregation Shearith Israel owns the land, building, cemeteries and religious objects located at Two West 70th Street in New York, but denies that it

owns the land, building and religious objects used by Touro Synagogue located in Newport, Rhode Island.  Plaintiff affirmatively avers that, to the extent Defendant has any interest in said land, building or religious objections, that interest is held in trust for the "Jewish Society in Newport," which is Touro Synagogue.  Plaintiff admits entering into leases with Defendant in 1903 and 1908, but otherwise denies that the land, building and religious objects have been the subject of leases.  Plaintiff admits entering into an agreement with the United States in 1945, and affirmatively avers that that agreement speaks for itself.  Otherwise, Plaintiff denies the allegations of Paragraph 2 of the counterclaim.

   3. Plaintiff denies the allegations asserted in paragraph 3 of the counterclaim.

   4. Plaintiff admits that it would like to sell the Rimonim, which were crafted in the 18th Century by Myer Myers, to the Museum of Fine Arts for $7 million (net after commission) without the consent of Congregation Shearith Israel, but otherwise Plaintiff denies the allegations of paragraph 4 of the counterclaim.

   5. Plaintiff denies the allegations of paragraph 5 of the counterclaim.

   6. Plaintiff admits that Congregation Shearith Israel proposed binding and expedited arbitration and proposed convening a Court of Jewish Law and that Plaintiff declined both such proposals.  Plaintiff also admits that it initiated this civil action.  Otherwise, Plaintiff denies the allegations set forth in paragraph 6 of the counterclaim.

   7. Paragraph 7 of the counterclaim sets forth no facts to which a response is required.  To the extent a response is required, the allegations of paragraph 7 are denied.

   8. Plaintiff admits the allegations set forth in paragraph 8 of the counterclaim.

   9. Plaintiff admits the allegations of paragraph 9 of the counterclaim.

   10. Plaintiff admits the allegations set forth in paragraph 10 of the counterclaim.

11. Plaintiff denies that Congregation Yeshuat Israel was a different and unrelated entity from the Plaintiff, but otherwise admits the allegations set forth in paragraph 11 of the counterclaim.

12. Plaintiff denies that Shearith Israel loaned more than one Torah scroll but otherwise admits the allegations of paragraph 12 of the counterclaim.

13. Plaintiff admits the allegations of paragraph 13 of the counterclaim.

14. Plaintiff admits the allegations of paragraph 14 of the counterclaim.

15. Plaintiff denies the allegations of paragraph 15 of the counterclaim.

16. Plaintiff denies that ownership of the synagogue and real and personal property, including the Rimonim, were conveyed to Shearith Israel but, otherwise, admits the allegations of paragraph 16 of the counterclaim.

17. Plaintiff admits that the Touro Synagogue building fell into disuse in the mid-19th Century and that the synagogue opened only occasionally, mainly for funerals. Otherwise, Plaintiff lacks sufficient information to form a belief as to the truth of the matters asserted in paragraph 17 of the counterclaim.

18. Plaintiff admits the allegations of paragraph 18 of the counterclaim.

19. Plaintiff admits the allegations of paragraph 19 of the counterclaim.

20. Plaintiff admits the allegations of paragraph 20 of the counterclaim.

21. Plaintiff denies that the letter of June 13, 1893 confirms that Shearith Israel owned and controlled the real and personal property of Touro Synagogue, denies that the Rimonim are sacred religious objects, and denies that they are "appurtenances." Otherwise, Plaintiff admits the allegations set forth in paragraph 21 of the counterclaim.

22. Plaintiff admits that a split occurred within its congregation in or about 1893 and that Plaintiff received a charter from the Rhode Island General Assembly in or about 1894.

Plaintiff admits that a competing religious congregation called Touro Congregation was formed and that both congregations claimed authority to use the synagogue building and applied for funds from the Touro Trust. Plaintiff denies that it is not the same entity as Yeshuat Israel and affirmatively avers that it is a successor in interest. Plaintiff lacks sufficient information to form a belief as to the truth of the allegations concerning the involvement of Shearith Israel during that timeframe. Plaintiff also admits that Rabbi Baruch conducted services at Touro Synagogue. Otherwise, Plaintiff denies the allegations of paragraph 22 of the counterclaim.

      23. Plaintiff admits that Congregation Shearith Israel obtained deeds from some of the descendants of Moses Levy and claimed ownership of the real property, including the cemetery, although Plaintiff affirmatively avers that such ownership claims are baseless and predicated upon a misreading of Rhode Island common and statutory law. Otherwise, Plaintiff denies the allegations of paragraph 23 of the counterclaim. Plaintiff affirmatively avers that Congregation Shearith Israel's claim of title from these deeds is based upon the erroneous belief that the original owners held title as joint tenants and that Moses Levy, as the last survivor, obtained title to the fee simple interest in the building and land. In truth, the original owners were tenants in common and they held the property in trust for the "Jewish Society" in Newport.

      24. Plaintiff admits the allegations of paragraph 24 of the counterclaim.

      25. Plaintiff admits the allegations of paragraph 25 of the counterclaim. Plaintiff affirmatively avers that the "legal battle" referenced in paragraph 25 of the counterclaim was actually between the trustees of the real property and members of the Touro Congregation who had taken physical control of the land and building. The final piece of that legal battle is styled David v. Levy, 119 F. 799 (D.R.I. 1903), a decision of District Judge Brown. In his decision, Judge Brown refers to the Will of Jacob Rodrique Rivera, deceased February 18, 1789, which contained the recital "which may be interpreted as declaring that the conveyance to Rivera,

4

Moses Levy and Isaac Harte was 'in trust only to and for the sole use, benefit and behoof of the Jewish Society in Newport.'" Judge Brown found that this was a trust for the "Jewish Society in Newport." Id. at 800. The "Jewish Society in Newport" is Congregation Jeshuat Israel.

26. Plaintiff admits that there was a compromise and settlement reached in 1903 which resulted in Touro Congregation reuniting with Congregation Jeshuat Israel. The resolution also led to the 1903 lease. Plaintiff also admits that Rabbis were nominated by Plaintiff, subject to the approval by Congregation Shearith Israel. Otherwise, the allegations of paragraph 26 of the counterclaim are denied.

27. Plaintiff admits that it entered into lease agreements in 1903 and 1908, but affirmatively avers that the leases were with trustees of the real property, not Defendant. Plaintiff admits that it has paid, sporadically, $1 per year and admits the genuineness of the leases attached as Exhibit A and B, which documents speak for themselves. Otherwise, the allegations of paragraph 27 of the counterclaim are denied.

28. Plaintiff admits the allegations of paragraph 28 of the counterclaim.

29. Plaintiff admits the allegations of paragraph 29 of the counterclaim.

30. Plaintiff denies the allegations of paragraph 30 of the counterclaim and states that the 1903 and 1908 leases speak for themselves.

31. Plaintiff admits the genuineness of the letter dated February 10, 1903, which letter speaks for itself. Otherwise, Plaintiff denies the allegations of paragraph 31 of the counterclaim.

32. Plaintiff lacks sufficient information to form a belief as to the truth of the matters asserted in paragraph 32 of the counterclaim.

33. Plaintiff lacks sufficient information to form a belief as to the truth of the matters asserted in paragraph 33 of the counterclaim.

34. Plaintiff admits the allegations of paragraph 34 of the counterclaim.

35. Plaintiff admits the genuineness of the letter dated June 29, 2012 attached as Exhibit E to the counterclaim but, otherwise, denies the allegations of paragraph 35 of the counterclaim.

36. Plaintiff admits that Defendant objected to the sale of the Rimonim to the MFA but, otherwise denies the allegations set forth in paragraph 36 of the counterclaim.

37. Plaintiff admits having a meeting with Defendant via video conference on July 19, 2012 and admits the genuineness of a confirming letter attached as Exhibit F to the counterclaim.  Otherwise, Plaintiff denies the allegations of paragraph 37 of the counterclaim.

38. Plaintiff admits meeting with Defendant's representatives on October 24, 2012 to discuss a possible resolution of the matter but, otherwise denies the allegations of paragraph 38 of the counterclaim.

39. Plaintiff admits filing a civil action in Newport Superior Court and admits the action was removed to this Court.  Plaintiff further admits that it gave no advance notice of the filing of this action.  Otherwise, Plaintiff denies the allegations of paragraph 39 of the counterclaim.

40. Plaintiff admits that it has developed a long-term strategy for use of the Touro Synagogue building based upon the sale of the Rimonim, without obtaining the approval and consent of Defendant but, otherwise, Plaintiff denies the allegations set forth in paragraph 40 of the counterclaim.

41. Plaintiff admits the existence of a plaque as described in paragraph 41 of the counterclaim but otherwise denies the allegations of paragraph 41 of the counterclaim.

42. Plaintiff denies the allegations of paragraph 42 of the counterclaim.

43. Paragraph 43 of the counterclaim sets forth no facts to which a responsive pleading is required.

44. Plaintiff denies the allegations of paragraph 44 of the counterclaim.

45. Plaintiff denies the allegations of paragraph 45 of the counterclaim.

46. Paragraph 46 of the counterclaim sets forth no facts to which a responsive pleading is required.

47. Plaintiff admits the allegations of paragraph 47 of the counterclaim.

48. Paragraph 48 sets forth no facts to which a responsive pleading is required, but, to the extent a response is required, the allegations are denied.

49. Paragraph 49 sets forth no facts to which a responsive pleading is required.

50. Plaintiff denies the allegations set forth in paragraph 50 of the counterclaim.

51. Plaintiff denies that the Rimonim are significant religious articles but, otherwise, lacks sufficient information to form a belief as to the truth of the matters asserted therein.

52. Plaintiff denies the allegations of paragraph 52 of the counterclaim.

53. Plaintiff denies the allegations of paragraph 53 of the counterclaim.

54. Plaintiff denies the allegations of paragraph 54 of the counterclaim.

55. Plaintiff denies the allegations of paragraph 55 of the counterclaim.

56. Plaintiff denies the allegations of paragraph 56 of the counterclaim.

57. Plaintiff denies the allegations of paragraph 57 of the counterclaim.

58. Paragraph 58 sets forth no facts to which a responsive pleading is required.

59. Plaintiff denies the allegations set forth in paragraph 59 of the counterclaim.

60. Paragraph 60 of the counterclaim sets forth no facts to which a responsive pleading is required but, to the extent any response is required, the allegations are denied.

61. Paragraph 61 of the counterclaim sets forth no facts to which a responsive pleading is required.

62. Plaintiff denies the allegations of paragraph 62 of the counterclaim.

63. Plaintiff denies the allegations of paragraph 63 of the counterclaim.

64. Plaintiff denies the allegations of paragraph 64 of the counterclaim.

65. Paragraph 65 of the counterclaim sets forth no facts to which a responsive pleading is required but, to the extent a response is required, the allegations are denied.

66. Paragraph 66 sets forth no facts to which a responsive pleading is required.

67. Plaintiff denies the allegations of paragraph 67 of the counterclaim.

68. Plaintiff denies the allegations of paragraph 68 of the counterclaim.

69. Plaintiff denies the allegations of paragraph 69 of the counterclaim.

WHEREFORE, Plaintiff demands that judgment be entered in its favor, as prayed for in the Complaint and the Defendant's counterclaim be dismissed.

## FIRST AFFIRMATIVE DEFENSE

Count I of the counterclaim fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

This action is barred by estoppel, waiver, and *res judicata*.

## THIRD AFFIRMATIVE DEFENSE

This action is barred by the equitable defense of laches.

Respectfully Submitted:

CONGREGATION JESHUAT ISRAEL,

By Its Attorneys,

PARTRIDGE SNOW & HAHN LLP

*//s// Steven E. Snow*
Steven E. Snow (#1774)
180 South Main Street
Providence, RI 02903
(401) 861-8200 / (401) 861-8210 FAX
ses@psh.com

                                        KRAMER LEVIN NAFTALIS & FRANKEL LLP

                                        Gary P. Naftalis (admitted *pro hac vice)*
                                        Jonathan M. Wagner (admitted *pro hac vice*)
                                        Tobias B. Jacoby (admitted *pro hac vice*)
                                        1177 Avenue of the Americas
                                        New York, NY 10036
                                        (212) 715 9253 / (212) 715 9238 FAX
                                        gnaftalis@kramerlevin.com
                                        jwagner@kramerlevin.com
                                        tjacoby@kramerlevin.com

DATED: October 10, 2014

## CERTIFICATE OF SERVICE

        I hereby certify that on October 10, 2014, I caused a true copy of the within document to be delivered through the ECF system to all counsel of record.

                                                      *//s// Steven E. Snow*

1743139_7804-2