# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| CONGREGATION JESHUAT ISRAEL, | |
| Plaintiff, | |
| v. | C.A. NO. 12-822-M (LDA) |
| CONGREGATION SHEARITH ISRAEL, | |
| Defendant. | |

### MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO PRECLUDE DEFENDANT'S USE OF UNTIMELY PRODUCED DOCUMENTS

Plaintiff Congregation Jeshuat Israel ("Touro") respectfully submits this memorandum in support of its motion pursuant to Fed. R. Civ. P. 16(f) & 37(c) to preclude defendant and counterclaim-plaintiff Congregation Shearith Israel ("CSI") from using 6,497 pages of largely ancient and handwritten documents that CSI just produced, almost three months after the fact discovery cut-off.

Touro served document requests on CSI back on August 21, 2013. CSI served responses and objections to Touro's requests on September 23, 2013. The Court's August 15, 2013 Standard Pretrial Order set August 1, 2014 as the cut-off for fact discovery. (ECF No. 17). Notwithstanding this deadline, on October 24, 2014 — almost three months after the cut-off — CSI produced 6,497 pages of documents, bearing Bates numbers CSI005417 to CSI011913. This production exceeded the volume of documents that CSI produced during the entire fact-discovery period. The documents were available to CSI all along, and CSI has stated that it has known for "some time" that it would be producing them. (Exh. A). Yet CSI neither informed Touro that it needed additional time to produce documents nor moved this Court for an extension

of the fact discovery deadline.  The documents include thousands of pages of largely handwritten and often illegible or difficult-to-read documents, many dating back hundreds of years, some as far back as the 1600's.

Beyond that, CSI's untimely production is a "document dump."  In producing the documents, CSI stated that the material "may include irrelevant material and material not called for in discovery."  (*Id.*).  Despite diligent efforts, Touro has not been able to determine whether any relevant documents are buried in the production.

Touro respectfully requests that pursuant to Fed. R. Civ. P. 16(f)(1) & 37(c)(1) the Court preclude CSI from using the documents.[1]  In determining whether to preclude belatedly-produced evidence, courts in this Circuit consider (i) the producing party's justification (or lack of one) for its late disclosure, (ii) the movant's ability to overcome the late disclosure's adverse effects, (iii) the late disclosure's impact on the district court's docket, (iv) the history of the litigation, and (v) the producing party's need for the precluded evidence.  *See Macaulay v. Anas*, 321 F.3d 45, 51 (1st Cir. 2003).  CSI bears the burden of showing that preclusion is not warranted.  *See Wilson v. Bradlees of New England, Inc.*, 250 F.3d 10, 21 (1st Cir. 2001) ("the party facing sanctions for belated disclosure" has the obligation "to show that its failure to comply with the Rule was either justified or harmless and therefore deserving of some lesser sanction").  CSI cannot meet this burden.

---

[1] Rule 16(f) permits the Court to issue "any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to obey a scheduling or other pretrial order."  Under Rule 37(b)(2)(A)(ii), the court among other things may prohibit a party "from introducing designated matters in evidence."

Rule 37(c)(1) provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."  Rule 26(e), in turn, provides in relevant part that "[a] party . . . who has responded to . . . [a] request for production . . . must supplement or correct its disclosure or response: (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."

First, CSI cannot provide a reasonable justification for its untimely production. CSI had almost a full year to produce documents, yet CSI produced the material almost three months after the fact discovery cut-off. CSI has stated that the documents were found "independently in reviewing [its] files in light of [Touro's] amended pleading." (Exh. A). But when Touro asked CSI to represent that CSI (i) began looking for the documents only after the Court permitted Touro's amendment adding the defense of laches, (ii) searched for the documents only to obtain materials concerning Touro's laches defense, and (iii) would use the documents only in connection with that defense, CSI responded that Touro's requests were "inappropriate." (*Id.*). While Touro does not believe that additional discovery concerning laches is needed, CSI's response demonstrates that CSI has no interest in even attempting to justify its untimely production.

CSI also has stated that the documents were "discovered" "in the process of preparing for expert disclosure." (*Id.*). But CSI's apparent failure to search its files during the lengthy fact discovery period is no excuse. *Cf. Gagnon v. Teledyne Princeton, Inc.*, 437 F.3d 188, 191 (1st Cir. 2006) ("the adoption of Rule 37(c)(1) in 1993 gave teeth to a significantly broadened duty to comply with case management orders") (internal quotations and citation omitted); Fed. R. Civ. P. 26(e), Advisory Committee Note, 1993 Amendments (required Rule 26(e) supplementation "should be made at appropriate intervals *during the discovery period*") (emphasis added); Fed. R. Civ. P. 16(f) (authorizing sanctions for failing to obey scheduling orders).

Second, CSI cannot show that its failure to produce documents in a timely manner is "harmless." CSI dumped on Touro over six thousand pages of largely handwritten documents. It would take an inordinate amount of time for Touro's counsel to review these documents. Such

a review could delay expert discovery, dispositive motions and even trial. Furthermore, after reviewing the documents Touro may discover material that would have informed the questions that Touro asked fact witnesses at depositions or even the identity of additional deponents. Touro cannot even determine whether additional depositions are necessary because CSI has not identified the relevant documents buried in its document dump. Thus, Touro may be prejudiced by CSI's untimely production of documents. And re-opening fact discovery will only delay this case further, to Touro's detriment.

Third, CSI's late disclosure of documents could have a negative impact on the Court's docket if CSI is not precluded from using the material. As noted above, Touro would need to conduct a time-consuming review of these largely handwritten and difficult-to-read documents. And after reviewing the documents Touro may be faced with the unfair choice of accepting the prejudice caused by CSI's late production or seeking to re-open fact discovery. In any event, absent preclusion CSI's late production will needlessly delay resolution of this case.

Fourth, the history of this litigation counsels in favor of preclusion. The Court's scheduling order provided for a year of fact discovery. But CSI produced the material almost three months after the Court-ordered deadline for such discovery. As noted above, CSI apparently knew that it was going to produce additional documents "for some time," but CSI never informed Touro or the Court.

Finally, it is difficult to ascertain CSI's purported need for the materials because CSI has refused to identify which if any of the documents that CSI produced it believes are relevant or responsive to Touro's document requests. (Exh. A).

In addition to or in lieu of precluding CSI from using its untimely-produced documents, Touro respectfully requests that the Court order CSI to pay certain expenses. Under

Rules 16(f)(2) and 37(c)(1)(A), the Court may order CSI to pay reasonable expenses incurred as a result of CSI's failure to comply with its discovery obligations. CSI should pay for the cost of printing the production and loading the production onto Touro counsel's electronic database. If CSI is not precluded from using the documents and Touro needs to conduct additional depositions or issue subpoenas, CSI should pay for the cost of that discovery as well as the cost of Touro's review of the material.

## Conclusion

For these reasons, the Court should grant Touro's motion and issue an order (i) precluding CSI from using documents bearing Bates numbers CSI005417 to CSI011913, and (ii) requiring that CSI pay for the expenses resulting from CSI's untimely disclosure.

CONGREGATION JESHUAT ISRAEL,

By Its Attorneys,

PARTRIDGE SNOW & HAHN LLP

*/s/ Steven E. Snow*
Steven E. Snow (#1774)
40 Westminster Street, Suite 1100
Providence, RI 02903
(401) 861-8200 / (401) 861-8210 FAX
ses@psh.com

KRAMER LEVIN NAFTALIS & FRANKEL LLP
Gary P. Naftalis (admitted *pro hac vice*)
Jonathan M. Wagner (admitted *pro hac vice*)
Tobias B. Jacoby (admitted *pro hac vice*)
1177 Avenue of the Americas
New York, NY 10036
(212) 715-9253 / (212) 715-9238 FAX
gnaftalis@kramerlevin.com
jwagner@kramerlevin.com
tjacoby@kramerlevin.com

DATED: November 19, 2014

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 19th day of November, 2014, I caused a true copy of the within document to be delivered through the ECF system to all counsel of record.

                                      /s/ Steven E. Snow

2315734_1/7804-2