# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| CONGREGATION JESHUAT ISRAEL, | |
| Plaintiff, | |
| v. | C.A. NO. 12-822-M (LDA) |
| CONGREGATION SHEARITH ISRAEL, | |
| Defendant. | |

### PLAINTIFF'S MOTION TO SET TIME FOR THE DISCLOSURE
### OF ITS REBUTTAL EXPERT WITNESS(ES) AND REPORT(S)

Plaintiff Congregation Jeshuat Israel ("Touro"), by its undersigned counsel, hereby moves to set the following schedule for Touro's conditional disclosure of its rebuttal expert witness(es) and report(s): (i) Touro will take the depositions of defendant Congregation Shearith Israel's proposed expert witnesses no later than fifteen days after the Court's ruling on this Motion, (ii) Touro will file its motion to exclude CSI's experts no later than fifteen days after the completion of those depositions, and (iii) Touro will submit any rebuttal expert report(s) no later than twenty-one days after any ruling by this Court denying in part or in full Touro's Motion to Exclude.

This schedule is appropriate because (i) CSI's proposed experts and their reports do not meet the standards of Fed. R. Evid. 702 and *Daubert v. Merrill Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), (ii) Touro's retention now of rebuttal expert(s) under these circumstances would impose a substantial burden on Touro, a non-profit organization with a small membership base, and (iii) the proposed schedule will not occasion any significant delay of this action, for

which no trial date has yet been set, and CSI has not been prompt with respect to its own expert disclosures.

        Respectfully Submitted:

        CONGREGATION JESHUAT ISRAEL,

        By Its Attorneys,

        PARTRIDGE SNOW & HAHN LLP

        */s/ Steven E. Snow*
        Steven E. Snow (#1774)
        40 Westminster Street, Suite 1100
        Providence, RI 02903
        (401) 861-8200 / (401) 861-8210 FAX
        ses@psh.com

        KRAMER LEVIN NAFTALIS & FRANKEL LLP
        Gary P. Naftalis (admitted *pro hac vice*)
        Jonathan M. Wagner (admitted *pro hac vice*)
        Tobias B. Jacoby (admitted *pro hac vice*)
        1177 Avenue of the Americas
        New York, NY 10036
        (212) 715-9253 / (212) 715-9238 FAX
        gnaftalis@kramerlevin.com
        jwagner@kramerlevin.com
        tjacoby@kramerlevin.com

DATED: December 9, 2014

## CERTIFICATE OF SERVICE

    I hereby certify that on the 9th day of December, 2014, I caused a true copy of the within document to be delivered through the ECF system to all counsel of record.

        */s/ Steven E. Snow*

2326230_1/7804-2

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| CONGREGATION JESHUAT ISRAEL, | |
| Plaintiff, | |
| v. | C.A. NO. 12-822-M (LDA) |
| CONGREGATION SHEARITH ISRAEL, | |
| Defendant. | |

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO SET TIME FOR THE DISCLOSURE OF ITS REBUTTAL EXPERT WITNESS(ES) AND REPORT(S)

Plaintiff Congregation Jeshuat Israel ("Touro") respectfully submits this memorandum in support of its Motion to set the following schedule for Touro's conditional disclosure of its rebuttal expert witness(es) and report(s): (i) Touro will take the depositions of defendant Congregation Shearith Israel's proposed expert witnesses, Prof. Linford Fisher and Dr. Vivian Mann, no later than fifteen days after the Court's ruling on this Motion, (ii) Touro will file its motion to exclude CSI's experts no later than fifteen days after the completion of those depositions, and (iii) Touro will submit any rebuttal expert reports no later than twenty-one days after any ruling by this Court denying in part or in full Touro's Motion to Exclude. This schedule is appropriate because (i) CSI's proposed experts do not meet the standards for expert testimony under Fed. R. Evid. 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), (ii) Touro's retention now of a rebuttal expert witness, before any ruling on its anticipated Motion to Exclude, would impose a substantial burden on Touro, a non-profit organization with a small membership base, and (iii) the proposed schedule will not occasion any

significant delay of this action, for which no trial date has yet been set, and CSI has not been prompt with respect to its own expert disclosures.

This action concerns among other things a dispute over ownership of colonial-era silver finial bells ("Rimonim") and the building known as Touro Synagogue. The Court issued its Standard Pretrial Order on August 15, 2013, providing for the close of fact discovery on August 1, 2014, Touro's initial expert disclosures on September 2, 2014, and CSI's expert disclosures on October 1, 2014. (Dkt. No. 17). The parties later amended the schedule to provide for rebuttal expert reports by November 3, 2014. On September 15, 2014, after Touro declined to offer any initial expert reports, CSI requested an additional three weeks to submit its expert reports, until October 21, 2014. (Exh. A at 2). On September 19, 2014, Touro consented to CSI's requested extension. (Exh. B at 2). At a hearing on September 23, 2014, the Court directed the parties to work out a new schedule for expert disclosures. After Touro affirmed that it would not provide initial expert reports, CSI did not provide a date for its expert reports, despite Touro's request that CSI do so. Instead, CSI served expert reports late in the day on November 26, 2014, the eve of Thanksgiving — even though both experts had signed their reports two days earlier, on November 24, 2014. (Exh. C).

CSI's experts are Prof. Linford Fisher and Dr. Vivian Mann. In a 65-page report, Prof. Fisher proposes to provide an opinion on at least two issues: (i) "the relationship between . . . (colonial-era) Congregation Yeshuat Israel and [Touro]" and (ii) the intended "meaning of the words 'appurtenances and paraphernalia'" as used by CSI and Touro in early 20th century documents. (Expert Report of Professor Linford D. Fisher, Nov. 24, 2014 ("Fisher Report") at 2). Dr. Mann proposes to (i) testify to the legal conclusion that the Rimonim "have been and remain the personal property" of CSI, (ii) opine that at no time were either "CSI or [Touro] . . .

confused" about who owned the Rimonim, and (iii) opine that Touro's sale of the Rimonim "would not only be inconsistent with CSI's ownership of the [Rimonim] but would also be so unprecedented that the sale would seriously undermine inter-congregational support and assistance, which has been indispensable to the sustenance of Jewish communal life for centuries including in America." (Expert Report of Dr. Vivian Mann, Nov. 24, 2014 ("Mann Report") at 3).

CSI's proposed expert testimony does not pass muster under Fed. R. Evid. 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). After deposing Prof. Fisher and Dr. Mann, Touro expects to move to exclude their testimony on at least the following grounds:

- Neither Prof. Fisher, an historian with no expertise in Jewish history, nor Dr. Mann, an expert on Judaica who proposes to opine concerning the parties' states of mind and the legal question of ownership, are qualified "by knowledge, skill experience, training, or education" to provide the expert opinions proposed in their reports. Fed. R. Evid. 702.

- The two experts for the most part "merely reviewed the materials provided by [CSI's] counsel . . . and based [their] conclusions entirely [on their] interpretation[s] of the facts and statements contained in those materials," *Polidore v. McBride*, 2010 WL 3666971, at *6-7 (D.R.I. Sept. 13, 2010) (granting motion to exclude because methodology was flawed and opinions were not "based on any unique knowledge or expertise.").

- The expert reports, replete with unsubstantiated leaps of loose logic far beyond the bounds of the historical method, are based on unreliable methodology and analysis. *See Marvel Characters, Inc. v. Kirby*, 726 F.3d 119, 135-36 (2d Cir. 2013) (affirming exclusion of historical expert witness testimony because expert reports were "by and large undergirded by hearsay statements" which were used to "speculate as to the motivations and intentions of certain parties.").

- Dr. Mann's opinion that the disputed Rimonim "have been and remain the personal property" of CSI (Mann Report at 3), and Dr. Fisher's opinion regarding "the relationship between . . . (colonial-era) Congregation Yeshuat Israel and [Touro]," (Fisher Report at 2), improperly state conclusions of law. *See Ji v. Bose Corp.*, 538 F. Supp. 2d 354, 359-360 (D. Mass. 2008) (excluding expert testimony because expert may not provide legal conclusions).

- The experts inappropriately opine on intent, state of mind, and matters of contract interpretation. *See OneBeacon Am. Ins. Co. v. Commercial Union Assurance Co. of Canada*, 804 F. Supp. 2d 77, 85 (D. Mass. 2011) (excluding expert testimony opining as to intent of parties in contract dispute ), *aff'd*, 684 F.3d 237 (1st Cir. 2012).

Under these circumstances, for Touro to retain a rebuttal expert before this Court has ruled on Touro's Motion to Exclude would be an unfair burden. That burden would weigh very heavily on Touro, a non-profit organization with only about 140 members. (Exh. D at ¶¶ 2-3). The impetus for this dispute is that Touro has concluded that it must sell the Rimonim to secure its financial future. (Compl. at ¶ 20). Notably, Kramer Levin is representing the Congregation on a *pro bono* basis. Retaining an expert witness to spend the appropriate amount of time with the relevant materials, write a report and testify at deposition and trial would be a significant financial hardship for Touro. Touro should not be forced to bear that hardship and retain an expert until necessary, if this Court denies Touro's Motion to Exclude.

Touro's proposed schedule will not unduly delay resolution of this action. No trial date has been set; CSI will not be making any dispositive pre-trial motions that might put off the trial; and CSI itself has not been prompt with respect to its own expert disclosures. CSI's expert reports were initially due on October 1. CSI requested an extension to October 21, 2014, and Touro consented. CSI did not serve its expert reports until the late afternoon of November 26, 2014 — on the eve of Thanksgiving, even though both experts had signed their reports two days earlier, on November 24.

Against this backdrop, Touro's proposed schedule is reasonable. Touro proposes to (i) depose the CSI experts within fifteen days of a ruling on this Motion, and thus with relative expedition after receiving 80 pages of expert reports, (ii) submit its Motion to Exclude within fifteen days after the completion of those depositions, and (iii) should the Court deny Touro's Motion to Exclude, submit expert report(s) no more than twenty-one days after that ruling.

## Conclusion

For these reasons, the Court should set the following schedule for Touro's disclosure of its rebuttal expert witness(es) and report(s): (i) Touro will take the depositions of CSI's proposed expert witnesses no later than fifteen days after the Court's ruling on this Motion, (ii) Touro will file its Motion to Exclude no later than fifteen days after completion of those depositions, and (iii) Touro will submit rebuttal expert report(s) no later than twenty-one days after any ruling by this Court denying in part or in full Touro's Motion to Exclude.

CONGREGATION JESHUAT ISRAEL,

By Its Attorneys,

PARTRIDGE SNOW & HAHN LLP

/s/ Steven E. Snow
Steven E. Snow (#1774)
40 Westminster Street, Suite 1100
Providence, RI  02903
(401) 861-8200 / (401) 861-8210 FAX
ses@psh.com

KRAMER LEVIN NAFTALIS & FRANKEL LLP
Gary P. Naftalis (admitted *pro hac vice*)
Jonathan M. Wagner (admitted *pro hac vice*)
Tobias B. Jacoby (admitted *pro hac vice*)
1177 Avenue of the Americas
New York, NY  10036
(212) 715-9253 / (212) 715-9238 FAX
gnaftalis@kramerlevin.com
jwagner@kramerlevin.com
tjacoby@kramerlevin.com

DATED: December 9, 2014

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of December, 2014, I caused a true copy of the within document to be delivered through the ECF system to all counsel of record.

/s/ Steven E. Snow

2326231_1/7804-2