# EXHIBIT A

# CADWALADER

Cadwalader, Wickersham & Taft LLP
One World Financial Center, New York, NY 10281
Tel +1 212 504 6000  Fax +1 212 504 6666
www.cadwalader.com

New York  London  Charlotte  Washington
Houston  Beijing  Hong Kong  Brussels

September 15, 2014

The Honorable John J. McConnell, Jr.
United States District Judge
U.S. District Court for the District of Rhode Island
One Exchange Terrace
Providence, RI 02903

Re:  **Congregation Jeshuat Israel v. Congregation Shearith Israel,
No. 12-822M United States District Court, District of Rhode Island**

Dear Judge McConnell:

We are co-counsel with Deming Sherman of Edwards Wildman Palmer LLP for defendant Congregation Shearith Israel ("CSI") in the above-referenced matter. We ask Your Honor to consider this application at the Court's early convenience.

This Court's order dated August 15, 2013 (the "Order") designated the sequence for the disclosure of expert witnesses pursuant to Fed. R. Civ. P. 26(a)(2). *See* Ex. A. Under the Order, plaintiff Congregation Jeshuat Israel ("CJI") was required to make its expert disclosures by September 2, 2014. As the plaintiff, CJI not only bears the ultimate burden of proof; importantly, it bears the burden of going forward first, and CSI has a valuable right to see CJI's reports before responding. *See Unicomp, Inc. v. Elementis Pigments, Inc.*, CIV97-55-P-H, 1999 WL 1995400, at *2 (D. Me. Feb. 10, 1999) ("Fed. R. Civ. P. 26(a)(2)(C), in turn, requires that disclosures of expert testimony be made at the times *and in the sequence directed by the court*.") (emphasis supplied).

CJI did not serve any expert disclosures on September 2, 2014. Having failed to do so, it is CSI's position that CJI has waived the right to present expert reports and testimony in this matter. *See* Fed. R. Civ. P. 37(c)(1). CSI informed CJI's counsel of this in a letter dated September 6, 2014. *See* Ex. B. CJI's counsel responded to our letter last Friday expressing a contrary view. *See* Ex. C. CJI apparently believes that it may wait until CSI goes first before submitting its own expert disclosures, presumably as a purported "rebuttal". *See* Ex. D.

Any such argument would be without merit. The consented deadline simply set a date for rebuttal reports—it did not provide a right for CJI to default on its expert disclosure

CADWALADER

Judge McConnell, Jr.
September 15, 2014

deadline and still insist on the right to submit a report later, which is exactly what CJI appears to be planning.

We find it nearly impossible to believe that CJI does not intend to call experts. At a minimum, how else does it expect to get many of the ancient documents into evidence, much less carry its burden as laid out in its pleading. But unless CJI states unequivocally that it will not call any expert to testify at trial, we are concerned that CJI is attempting to end-run the Court's Order and unilaterally subvert the sequence of expert disclosures so as to make CSI go first, thus depriving CSI of the right to respond, or not, depending on what CJI does. *See Esposito v. Home Depot U.S.A., Inc.*, 590 F.3d 72, 83 (1st Cir. 2009) (finding legitimate concern over a flaunted expert deadline insofar as "[p]laintiffs might seek to avoid initial expert disclosure in order to gain unfair advantage in litigation", and reversing on grounds that preclusion on the facts presented would have been case-dispositive and therefore too harsh a sanction). We are now forced at considerable extra expense to anticipate the issues that CJI as plaintiff may raise in its improper expert "rebuttal" disclosures and ensure adequate defensive coverage. At a minimum, CJI's unilateral action requires a delay in proceedings in order to correct the expert discovery sequencing of the Court's Order.

CSI requests that the Court direct CJI to submit expert disclosures, if any, by October 2, 2014, or waive its right to present expert reports, opinions, or testimony at all during or prior to the trial. CSI does intend to file expert disclosures, and with the Court's permission proposes to submit them by November 2, 2014. If subsequent dates in the Court's schedule need to be adjusted, we will confer with counsel for CJI and present a stipulation to Your Honor in due course.

Should CJI make the unequivocal representation, or should Your Honor deny CSI any relief herein, we respectfully request an additional three weeks, to October 21, 2014, to submit CSI's expert reports. The additional time is needed in part due to the upcoming holidays and in part due to the need to anticipate CJI's expert disclosures in the CSI reports.

Respectfully,

*[signature]*

Louis M. Solomon
CC: Counsel of Record

A

(rev. 2/12)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| Congregation Jeshuat Israel ) | |
| ) | |
| V. ) | C.A. NO. 12-822-M |
| ) | |
| Congregation Shearith Israel ) | |

## STANDARD PRETRIAL ORDER

Pursuant to Rule 16 of the Federal Rules of Civil Procedure, it is ordered that:

The Defendants shall have sixty (60) days to bring in any known third party defendants that it wants to bring into this matter.

All factual discovery will close on   **August 1, 2014.**

All expert discovery will close on   **November 3, 2014**.

Dispositive motions[1] shall be filed by **December 1, 2014**

Plaintiff shall make its expert witness disclosures as required by F. R. Civ. P. 26(a)(2) by **September 2, 2014**.

Defendant shall make its expert witness disclosures as required by F. R. Civ. P. 26(a)(2) by **October 1, 2014**.

(Any expert witness not disclosed by these dates may not be allowed to testify unless authorized by the Court. See F. R. Civ. P. 37(c))

Counsel shall file electronically, 30 days after a decision on any dispositive motion, or, if

---

[1] In matters before Judge Smith, prior to filing a motion for summary judgment, counsel must request a conference with the Court.

Case 1:12-cv-00822-M-LDA   Document 17   Filed 08/15/13   Page 2 of 3 PageID #: 173

no dispositive motions are filed, by **January 5, 2015** a pretrial memorandum which shall contain the following information:

- 1.(a) Plaintiff will set forth what is expected to be proven in support of the claim;

- 1.(b) Defendant will set forth what is expected to be proven in defense;

- 2. A memorandum of supporting law with citations of authorities. This is to include all the law applicable to the case with emphasis on special legal issues, including any and all matters that may be the subject of a motion in limine. All pertinent citations will be fully briefed;

- 3. A statement as to probable length of trial;

- 4. Any additional matter which counsel feel will aid the Court in the disposition and/or trial of the action.

At least **fourteen (14) days** before jury selection or, in the case of a matter to be tried without a jury, **fourteen (14) days** before trial is to begin, counsel shall submit to the Court in **conventional form (paper)** the following:

- 1. A list of all witnesses expected to testify with a brief summary of each witness's testimony and a statement as to whether that witness will testify as an expert;

- 2. A list of all exhibits intended to be offered at the trial with statements of the purpose for which the exhibit is offered. All such exhibits are to be pre-marked by the plaintiff in numerical order and by the defendant in alphabetical order;

In addition, in matters to be tried before a jury, counsel shall also file **electronically** full and complete proposed jury instructions and a jury verdict form (with special interrogatories, if any are being requested) at least **fourteen (14) days** before jury selection.[2]

---

[2] In matters before Judge Lagueux, counsel must also submit to the Court a paper copy of any proposed jury instructions.

Failure to strictly comply with this order will result in appropriate sanctions which may include dismissal, default, or exclusion of evidence.

After fourteen (14) days from the close of discovery, no motions – other than motions in limine – shall be filed except by leave of the undersigned.

Every effort should be made to settle the case before jurors are summoned for empanelment. **Counsel are to advise the clerk of any such settlement and file a stipulation of dismissal no later than seven (7) days before the scheduled empanelment date.** Jury costs and/or counsel fees may be assessed against one or more of the parties and/or counsel if the Court determines that the lateness of settlement was due to unreasonable or vexatious conduct or neglect.

So Ordered.


/s/ John J. McConnell, Jr.
Judge John J. McConnell, Jr.
United States District Judge
August 15, 2013

B

Case 1:12-cv-00822-LM-AKJ    Document 42-1    Filed 12/09/14    Page 8 of 14 PageID #: 500

September 6, 2014

**BY EMAIL**

Jonathan M. Wagner, Esq.
Kramer, Levin, Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, NY 10036-2714

      Re: *Congregation Jeshuat Israel v. Congregation Shearith Israel,*
        *C.A. No. 12-822-M (D. R.I.)*

Dear Jonathan,

As you know, under the August 15, 2013 court-ordered sequence for the disclosure of expert witnesses pursuant to Fed. R. Civ. P. 26(a)(2), CJI was required to make its expert disclosures on September 2, 2014. CJI didn't serve anything. Having failed to do so, it is CSI's position that CJI has waived the right to present expert reports and testimony in this matter. Deming advises that CJI seems to be taking the position that all CJI has to do is rebut our reports. We do not agree and reserve all of CSI's rights, claims, defenses, and objections..

Very truly yours,

*Louis M. Solomon*

Louis M. Solomon

C

KRAMER LEVIN NAFTALIS & FRANKEL LLP

JONATHAN M. WAGNER
PARTNER
PHONE 212-715-9393
FAX 212-715-8393
JWAGNER@KRAMERLEVIN.COM

September 12, 2014

By PDF

Louis M. Solomon, Esq.
Cadwalader, Wickersham & Taft LLP
One World Financial Center
New York, New York 10281

Re: *Congregation Jeshuat Israel v. Congregation Shearith Israel*, C.A. No.-12-822-M (LDA)

Dear Lou:

We disagree with your September 6 letter and reserve all our rights.

Best wishes for the New Year.

Yours truly,

Jonathan M. Wagner

JMW:jgf

1177 AVENUE OF THE AMERICAS NEW YORK NY 10036-2714 PHONE 212.715.9100 FAX 212.715.8000
990 MARSH ROAD MENLO PARK CA 94025-1949 PHONE 650.752.1700 FAX 650.752.1800
47 AVENUE HOCHE 75008 PARIS FRANCE PHONE (33-1) 44 09 46 00 FAX (33-1) 44 09 46 01
WWW.KRAMERLEVIN.COM

KL3 2986473.1

D

Case 1:12-cv-00822-LM-AKJ  Document 42-1  Filed 12/09/14  Page 12 of 14 PageID #: 504

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

------------------------------------------x

CONGREGATION JESHUAT ISRAEL,

            Plaintiff,

   - against -

CONGREGATION SHEARITH ISRAEL,

            Defendant.

------------------------------------------x

C.A. NO. 12-822-M

*RECEIVED JUN 26 2014 U.S. DISTRICT COURT DISTRICT OF R.I.*

## CONSENT ORDER AMENDING
## THE COURT'S STANDARD PRETRIAL ORDER

WHEREAS the parties wish to allow for rebuttal expert witness disclosure; now, therefore,

IT IS HEREBY STIPULATED AND AGREED, by and between the parties through their undersigned attorneys, to modify the Court's Standard Pretrial Order of August 15, 2013, as follows:

1. The parties shall exchange rebuttal expert witness disclosure as required by F. R. Civ. P. 26(a)(2) by November 3, 2014.

2. All expert discovery will close on November 21, 2014.

IT IS FURTHERMORE STIPULATED THAT a facsimile or electronic copy of this consent order shall have the same force and effect as the original.

DATED: June 26, 2014

_____
Steven E. Snow (#1774)
PARTRIDGE SNOW & HAHN LLP
40 Westminster Street, Suite 1100
Providence, RI 02903
(401) 861-8200
(401) 861-8210 (fax)
E-mail: ses@psh.com

-and-

Gary P. Naftalis (pro hac vice)
Jonathan M. Wagner (pro hac vice)
Tobias B. Jacoby (pro hac vice)
KRAMER LEVIN NAFTALIS & FRANKEL LLP
1177 Avenue of the Americas
New York, NY 10036
(212) 715-9100
(212) 715-8000 (fax)
E-mail: jwagner@kramerlevin.com

*Attorneys for Plaintiff*
*Congregation Jeshuat Israel*

_____
Deming E. Sherman (#1138)
Krystle Guillory Tadesse (#7944)
EDWARDS WILDMAN PALMER LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (fax)
E-mail: dsherman@edwardswildman.com

-and-

Louis M. Solomon (pro hac vice)
Solomon B. Shinerock (pro hac vice)
CADWALADER, WICKERSHAM & TAFT LLP
One World Financial Center
New York, NY 10281
(212) 504-6600
(212) 504-6666 (fax)
E-mail: louis.solomon@cwt.com

*Attorneys for Defendant*
*Congregation Shearith Israel*

SO ORDERED:

_____
Hon. John J. McConnell, Jr.