# EXHIBIT B

**PARTRIDGE SNOW & HAHN LLP**
COUNSELORS AT LAW

September 19, 2014

By Hand

The Honorable John J. McConnell, Jr.
United States District Judge
U.S. District Court for the District of Rhode Island
One Exchange Terrace
Providence, RI 02903

      Re:  *Congregation Jeshuat Israel v. Congregation Shearith Israel*,
            No. 12-822M (D.R.I.)

Dear Judge McConnell:

      We represent plaintiff Congregation Jeshuat Israel ("Touro"). I respectfully write in response to Congregation Shearith Israel's ("CSI") September 15, 2014 letter concerning expert discovery. As CSI prematurely seeks adjudication of an unripe issue, this Court should decline to consider CSI's application. In the alternative, CSI's application should be denied, for the application misconstrues Touro's position and, furthermore, CSI's arguments are meritless.

      CSI has not made its expert disclosures. Touro has not stated that it will or will not make any expert disclosures in response. Touro has stated only its disagreement with CSI's position and reserved all its rights. (CSI Ltr. at Exh. C). This Court should refrain from considering what is at present only a hypothetical issue.

      On the merits, CSI misconstrues Touro's position. Touro did not make an initial expert disclosure because Touro's position is that experts are not at this time necessary to sustain any burden that Touro may have.

      Should CSI disclose expert reports and testimony, however, Touro reserves the right to contradict or rebut CSI's expert evidence with Touro's own rebuttal experts. This is proper and envisioned by the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 26(a)(2)(D)(ii) (providing a default deadline when expert "evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C) . . . ."). The parties voluntarily agreed to the availability of such "rebuttal expert witness disclosure" in a stipulation earlier this year; nobody forced CSI to so agree. (CSI Ltr. at Exh. D). Moreover, the Rule's allowance for expert rebuttal makes sense: if such rebuttal were not allowed, then in every case a plaintiff would be required to retain an expert on every

September 19, 2014
Page 2

conceivable issue, even when the plaintiff does not in good faith believe the issue would benefit from expert testimony. That cannot be.

      Finally, CSI has asserted counterclaims and may bear the burden of proof with respect to some or all of those counterclaims; a rebuttal expert may be appropriate to rebut any expert offered as to those counterclaims.

      The case cited by CSI to suggest that Touro is improperly "depriving CSI of the right to respond, or not" does not advance CSI's position. *See* CSI Ltr. at 2 (citing *Esposito v. Home Depot U.S.A, Inc.*, 590 F.3d 72, 83 (1st Cir. 2009)). First, CSI fails to note that the language it quotes is from a dissent, not a majority opinion. *See Esposito*, 590 F.3d at 82-83. Second, that dissent's reasoning, even if treated as controlling, has nothing to do with the issue presented to the Court.

      For these reasons, the Court should either reject or defer ruling on CSI's request. Touro has no objection to CSI's request for an extension until October 21, 2014 to submit its expert reports, provided that the deadline for rebuttal reports is extended to November 18, 2014.

Respectfully,

*[signature]*

Steven E. Snow

cc: Counsel of Record (by e-mail)

2270115_1/7804-2