# EXHIBIT C

## Jacoby, Tobias B.

| | |
|---|---|
| **From:** | Shinerock, Solomon <Solomon.Shinerock@cwt.com> |
| **Sent:** | Wednesday, November 26, 2014 4:08 PM |
| **To:** | Naftalis, Gary P.; Wagner, Jonathan M.; Jacoby, Tobias B.; ses@psh.com |
| **Cc:** | Solomon, Louis; 'dsherman@edwardswildman.com'; Chiang, Jennifer; Grinblat, Yan |
| **Subject:** | CJI v. CSI |
| **Attachments:** | 2014.11.24 Expert Report - Dr. Vivian Mann.pdf; 2014.11.24 Expert Report - Prof Linford Fisher.pdf; CSI11917-11918.pdf; 2014.11.26 RULE 44 1 STATEMENT.pdf |

Counsel,

Attached are disclosures of Congregation Shearith Israel, made pursuant to Federal Rules of Civil Procedure 26 and 44.1 in the above-referenced matter. Your refusal to provide your expert reports and refusal to engage in meaningful discovery on your recently-added defense requires that we reserve CSI's rights to submit additional reports in response to what you do. Also, we are producing 2 additional pages bearing bates labels CSI11917 and CSI11918, which were inadvertently left out of our previous production of expert material. We submit these materials reserving all rights, defenses, and objections, including without limitation to relevance and admissibility for any purpose, whether at or before trial.

Submission of these materials raises two additional matters.

1. CJI's motion to preclude, filed November 19, 2014. Had you engaged in a pre-motion meet and confer, we would have told you when we knew that the only documents from our October 24, 2014 production that we intend to use at this point as part of CSI's case in chief are those cited by our experts in the attached reports—a mere 22 documents comprising 40 pages, including

- CSI 5591
- CSI 6859
- CSI 8030
- CSI 8381-8382
- CSI 8437-8438
- CSI 8439
- CSI 8440-8441
- CSI 8446-8448
- CSI 8962-8963
- CSI 8998
- CSI 9090-9091
- CSI 9212-9213
- CSI 9214
- CSI 9254
- CSI 9257
- CSI 9421
- CSI 9438
- CSI 9699-9703
- CSI 11119-11125
- CSI 11899
- CSI 11890
- CSI 11911

While we reserve all rights, the remaining documents were produced as a courtesy and in keeping with the parties' past practice: in substance, our production was the same as the production of CJI's board minutes, which were produced en mass, except that we paid for the digitization of CJI's board minutes, whereas CJI did not pay for the digitization of CSI's additional board minutes.

1

2. Scheduling. In your email of yesterday asking about our expert reports, you expressed concern regarding delay in this matter. We share your concern. In the wake of the Court's lifting of key scheduling provisions, we previously sought to establish a schedule collaboratively and, failing that, we asked you to propose a schedule to us. You did not respond to that request, so we would like to propose the following:

Consistent with your prior representations about requiring 30 days to put in any rebuttal expert reports, CJI will submit expert rebuttal reports by Friday, December 26, limited in substance to rebuttal pursuant to the Court's September 23, 2014 rulings. We intend to request from the Court a trial date between January 26 and February 26, providing for all appropriate pre-trial orders and related material. Please let us know what dates you are unavailable during this period.

Regards,

Solomon

Solomon B. Shinerock | Cadwalader, Wickersham & Taft LLP | One World Financial Center | New York NY 10281 | O: 212 504 6008 | C: 917 626 2278 | Solomon.Shinerock@cwt.com

------------------------------------------------------------

NOTE: The information in this email is confidential and may be legally privileged. If you are not the intended recipient, you must not read, use or disseminate the information; please advise the sender immediately by reply email and delete this message and any attachments without retaining a copy. Although this email and any attachments are believed to be free of any virus or other defect that may affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Cadwalader, Wickersham & Taft LLP for any loss or damage arising in any way from its use.

------------------------------------------------------------

Professor Linford D. Fisher
Department of History
Brown University

Expert Report

Congregation Jeshuat Israel
v.
Congregation Shearith Israel

Case No. 12-822-M (D. R.I.)

November 24, 2014

specifically to the disputed *rimonim* and all other sacred and ritual objects necessary for a fully functioning Jewish synagogue. Additionally, my reading of these documents, along with my own independent historical investigation, has convinced me that at no time did the new (1894) CJI own the synagogue, the cemetery, or any of the ritual items that had been on loan to them from CSI from the time of the re-opening of the Touro Synagogue in 1883. All evidence points towards CSI as the owners of the synagogue, cemetery, and appurtenances (ritual items). CJI has from 1903 to the present operated self-consciously within a repeatedly acknowledged lease structure that they themselves have described as "perpetual." Property maintenance and caretaking was part of this lease arrangement and understanding; CJI was operating as managers and caretakers in keeping with their responsibilities as tenants, and often in close relationship with CSI, without such property management ever implying ownership over time or any sort of adverse possession. In short, CSI still owns the disputed *rimonim*; CJI does not. CJI's use of these ritual objects was and still is governed by the lease structure set up in 1903 and 1908, and has rightly remained in effect to this day.

**Compensation and Prior Testimony**

My compensation for this expert testimony is $275 per hour. I have never previously testified as an expert at trial or by deposition within the preceding four years.

Dated:   Chicago, Illinois
         November 24, 2014

*[signature]*

_____
Linford D. Fisher

# EXPERT REPORT

## OF

## DR. VIVIAN MANN

Congregation Jeshuat Israel v. Congregation Shearith Israel

Case No. 12-822-M

District Court of Rhode Island

Dr. Vivian Mann
Director, Jewish Art and Visual Culture
The Jewish Theological Seminary
3080 Broadway
New York, NY 10027

DATE: November 24, 2014

1

      Finally, permitting CJI to sell the Rimmonim would not only be inconsistent with CSI's ownership of the Rimmonim but would also be so unprecedented that in my opinion the sale would seriously undermine inter-congregational support and assistance, which has been indispensable to the sustenance of Jewish communal life for centuries, including in America.

Dated:    New York, New York
            November 24, 2014

_____

Dr. Vivian Mann