# Exhibit F

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CONGREGATION JESHUAT ISRAEL, | : | |
| Plaintiff, | : | |
| v. | : | C.A. No. 12-822M |
| CONGREGATION SHEARITH ISRAEL, | : | |
| Defendant. | : | |

### DEFENDANT CONGREGATION SHEARITH ISRAEL'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION

Pursuant to Fed. R. Civ. P. 34, Defendant Congregation Shearith Israel ("CSI" or "Defendant") hereby submits its objections and responses to Plaintiff Congregation Jeshuat Israel's ("CJI" or "Plaintiff") First Request for Production of Documents.

### GENERAL OBJECTIONS

1. CSI objects in whole or in part to each and every request to the extent that it calls for disclosure of information from persons or entities other than CSI.

2. CSI objects in whole or in part to each and every request to the extent that it is vague, ambiguous or of uncertain meaning and further objects in whole or in part to each and every request to the extent that it does not identify documents, subjects and time-frames with sufficient particularity to permit a reasonable response.

3. CSI objects in whole or in part to each and every request to the extent that it purports to require CSI to provide information or documents not in its possession, custody, or control.

AM 23612703.2

4. CSI objects in whole or in part to each and every request to the extent that it is neither relevant to the subject matter of the instant litigation nor reasonably calculated to lead to the discovery of admissible evidence.

5. CSI objects in whole or in part to each and every request to the extent that it is overly broad, oppressive, unduly burdensome, expansive or beyond the permissible scope of discovery under the Federal Rules of Civil Procedure.

6. CSI objects in whole or in part to each and every request to the extent that it is not subject to reasonable limitation in time or scope and seeks documents created after the commencement of litigation.

7. CSI objects in whole or in part to each and every request to the extent that it purports to require CSI to produce information in a manner inconsistent with or beyond the scope of the Federal Rules of Civil Procedure.

8. CSI objects in whole or in part to each and every request to the extent that it purports to require disclosure of information or documents, or otherwise requests information or documents obtained or prepared for, or in anticipation of litigation or for trial, constitutes attorney work product, is made confidential by law, reveals the substance of communications protected from disclosure by the attorney/client privilege, or is otherwise privileged from disclosure pursuant to the Federal Rules of Civil Procedure. Any inadvertent production of such documents or disclosure of such information shall not be deemed a waiver of any confidence, privilege or of the work product doctrine.

9. CSI objects in whole or in part to each and every request to the extent that it seeks information or documents that contain confidential or proprietary business information, trade secrets, other proprietary information, intellectual property and/or commercially sensitive

information of CSI or to the extent it seeks information or documents that contain confidential information which would impinge on the constitutionally protected right to privacy of individuals. Any inadvertent production of such documents or disclosure of such information shall not be deemed a waiver of any confidence or privilege.

10. CSI objects in whole or in part to each and every request to the extent that it is unreasonably cumulative or duplicative or seeks information already known to Plaintiff.

11. CSI objects in whole or in part to each and every request to the extent that it seeks disclosure of information that is obtainable by Plaintiff from some other source that is more convenient, less burdensome or less expensive.

12. CSI objects in whole or in part to each and every request to the extent that the information sought is already in the public domain, is a matter of public record, or is in the possession of Plaintiff.

13. CSI objects in whole or in part to each and every request to the extent that it assumes facts not in evidence.

14. CSI objects in whole or in part to each and every request to the extent that it seeks to vary the obligations imposed upon CSI under the Federal Rules of Civil Procedure.

15. CSI objects in whole or in part to each and every request to the extent it improperly seeks to elicit legal conclusions or to have CSI characterize documents or their contents.

16. CSI objects in whole or in part to each and every request to the extent that it is compound and cannot be reasonably responded to.

17. In responding to each request, CSI does not concede the relevancy, materiality or admissibility of the response. CSI's response to each request is made subject to, and without waiving or intending to waive, any objection to the competency, relevancy, materiality, privilege or admissibility as evidence for any purpose of any of the responses or documents produced herein.

18. Documents responsive to one or more requests may also be responsive to other requests, and in responding to each request, CSI does not concede that the documents produced thereto are limited to the requests to which they are produced.

19. CSI reserves all objections as to the admissibility at trial of any information provided. All information provided by CSI is for use in this litigation only and for no other purpose.

20. CSI's investigation and discovery in this matter is ongoing. Any responses to the requests for production are made to the best of CSI's knowledge, and are given without prejudice to its right to amend, supplement and/or clarify its responses and production, if necessary, in accordance with the applicable rules.

21. These general objections will be deemed to be continuing throughout the responses which follow whether or not expressly referred to herein. The stating of additional or other specific objections below shall not constitute a waiver of these general objections. CSI's objections to Plaintiff's requests are made without waiver of, or prejudice to, any additional objections CSI may make.

22. All documents responsive to one or more of the requests are produced subject to the proposed protective order, and any documents designated as "confidential" are to be treated accordingly.

## RESPONSES

1.     All documents concerning the Rimonim.

**OBJECTION:** CSI objects to this request to the extent that it is overly broad, unduly burdensome and is not reasonably calculated to lead to the discovery of admissible evidence. CSI also objects to this request to the extent that it calls for the production of materials protected by the attorney client privilege and/or attorney work product doctrine, or other applicable privileges or otherwise seeks confidential and proprietary information belonging to CSI.

**RESPONSE:** Subject to and without waiving these objections, CSI produces the following Bates-labeled documents in response to this request: CSI0001 up to and including CSI0047.

2.     All documents concerning the Touro Synagogue Building

**OBJECTION:** CSI objects to this request to the extent that it is overly broad, vague, unduly burdensome and is not reasonably calculated to lead to the discovery of admissible evidence. CSI also objects to this request to the extent that it calls for the production of materials protected by the attorney client privilege and/or attorney work product doctrine, or other applicable privileges or otherwise seeks confidential and proprietary information belonging to CSI.

**RESPONSE:** Subject to and without waiving these objections, CSI produces the following Bates-labeled documents in response to this request: CSI0001 up to and including CSI0017, CSI0048 up to and including CSI0201.

3.     All documents concerning any Touro Congregation.

**OBJECTION:** CSI objects to this request to the extent that it is overly broad, vague, unduly burdensome and is not reasonably calculated to lead to the discovery of admissible evidence. CSI also objects to this request to the extent that it calls for the production of materials protected by the attorney client privilege and/or attorney work product doctrine, or other applicable privileges or otherwise seeks confidential and proprietary information belonging to CSI.

**RESPONSE:** Subject to and without waiving these objections, CSI produces the following Bates-labeled documents in response to this request: CSI0202 up to and including CSI0666.

4.  All documents concerning the relationship and course of dealing between the parties.

**OBJECTION:** CSI objects to this request to the extent that it is overly broad, vague, unduly burdensome and is not reasonably calculated to lead to the discovery of admissible evidence. CSI also objects to this request to the extent that it calls for the production of materials protected by the attorney client privilege and/or attorney work product doctrine, or other applicable privileges or otherwise seeks confidential and proprietary information belonging to CSI.

**RESPONSE:** Subject to and without waiving these objections, CSI produces the following Bates-labeled documents in response to this request: CSI0173 up to and including CSI0201, and CSI0667 up to and including CSI0748.

5.  All documents concerning any personal property that at any time has been in the possession or control of or used by any Touro Congregation.

**OBJECTION:** CSI objects to this request to the extent that it is overly broad, unduly burdensome and is not reasonably calculated to lead to the discovery of admissible evidence. CSI also objects to this request to the extent that it calls for the production of materials protected by the attorney client privilege and/or attorney work product doctrine, or other applicable privileges or otherwise seeks confidential and proprietary information belonging to CSI.

**RESPONSE:** Subject to and without waiving these objections, CSI produces the following Bates-labeled documents in response to this request: CSI0018 up to and including CSI0021, and CSI0749 up to and including CSI0755.

6. All board meeting minutes and resolutions concerning the Touro Synagogue Building, any Touro Congregation, the Rimonim, or any personal property that at any time has been in the possession or control of or used by any Touro Congregation.

**OBJECTION:** CSI objects to this request to the extent that it overly broad and unduly burdensome, based in part on the fact that it is not limited in time and requests documents continuing into the indefinite future.

**RESPONSE:** Subject to and without waiving these objections, CSI produces the following Bates-labeled documents in response to this request: CSI0747 up to and including CSI0748, and CSI0756 up to and including CSI0778.

7. All insurance policies concerning the Touro Synagogue Building, the Rimonim, or any personal property that at any time has been in the possession or control of or used by any Touro Congregation.

**OBJECTION:** CSI objects to this request to the extent that is overly broad and is not limited in time, and requests documents continuing into the indefinite future. CSI also objects to the extent that this request calls for confidential and proprietary information belonging to CSI.

**RESPONSE:** Subject to and without waiving these objections, CSI produces the following Bates-labeled documents in response to this request: CSI0779 up to and including CSI0786.

8.   All communications concerning the Rimonim, including but not limited to all communications between, among, with, or concerning the Museum of Fine Arts in Boston, Massachusetts.

**OBJECTION:** CSI objects to this request to the extent that it is overly broad, unduly burdensome and is not reasonably calculated to lead to the discovery of admissible evidence. CSI also objects to this request to the extent that it calls for the production of materials protected by the attorney client privilege and/or attorney work product doctrine, or other applicable privileges or otherwise seeks confidential and proprietary information belonging to CSI.

**RESPONSE:** Subject to and without waiving these objections, CSI produces the following Bates-labeled documents in response to this request: CSI00022 up to and including CSI0047.

9.   All documents concerning the display by any third party, including museums, of the Rimonim or copies of the Rimonim.

**OBJECTION:** CSI objects to this request to the extent that it calls for the production of materials protected by the attorney client privilege and/or attorney work product doctrine, or

other applicable privileges or otherwise seeks confidential and proprietary information belonging to CSI.

**RESPONSE:** Subject to and without waiving these objections, CSI produces the following Bates-labeled documents in response to this request: CSI022 up to and including CSI0047.

10.   All documents concerning any sale or disposition, or contemplated sale or disposition, by Shearith Israel of any of its personal property.

**OBJECTION:** CSI objects to this request to the extent that it is overly broad, unduly burdensome and is not reasonably calculated to lead to the discovery of admissible evidence. CSI also objects to this request to the extent that it calls for the production of materials protected by the attorney client privilege and/or attorney work product doctrine, or other applicable privileges or otherwise seeks confidential and proprietary information belonging to CSI.

**RESPONSE:** Subject to and without waiving these objections, CSI does not currently have additional responsive documents to produce. CSI reserves the right to supplement this production.

11.   All documents using or otherwise concerning the meaning of the terms "paraphernalia" and "appurtenances," including but not limited to contracts, correspondence, memoranda, and board minutes.

**OBJECTION:** CSI objects to this request to the extent that it is overly broad, unduly burdensome and is not reasonably calculated to lead to the discovery of admissible evidence. CSI further objects to this request based on the vague request for all documents "concerning the meaning of the terms 'paraphernalia' and "appurtenances.'" CSI also objects to this request to

the extent that it calls for the production of materials protected by the attorney client privilege and/or attorney work product doctrine, or other applicable privileges or otherwise seeks confidential and proprietary information belonging to CSI.

**RESPONSE:** Subject to and without waiving these objections, CSI does not currently have additional responsive documents to produce. CSI reserves the right to supplement this production.

12. All documents concerning the appointment by Shearith Israel of trustees for any Touro Congregation.

**OBJECTION:** CSI objects to this request to the extent that it calls for the production of materials protected by the attorney client privilege and/or attorney work product doctrine, or other applicable privileges or otherwise seeks confidential and proprietary information belonging to CSI.

**RESPONSE:** Subject to and without waiving these objections, CSI does not currently have additional responsive documents to produce. CSI reserves the right to supplement this production.

13. All documents concerning or otherwise substantiating the allegations in Shearith Israel's counterclaims.

**OBJECTION:** CSI objects to this request to the extent that it is overly broad and unduly burdensome. CSI also objects to this request to the extent that it calls for the production of materials protected by the attorney client privilege and/or attorney work product doctrine, or other applicable privileges or otherwise seeks confidential and proprietary information belonging to CSI.

**RESPONSE:** Subject to and without waiving these objections, CSI produces the following Bates-labeled documents in response to this request: CSI00787 up to and including CSI0792.

*[signature]*
Deming E. Sherman (#1138)
EDWARDS WILDMAN PALMER LLP
2800 Financial Plaza
Providence, RI 02903
(401) 274-9200
(401) 276-6611 (Fax)
E-mail: dsherman@edwardswildman

*[signature]*
Louis M. Solomon (Admitted Pro Hac Vice)
CADWALADER, WICKERSHAM & TAFT LLP
One World Financial Center
New York, NY 10281
Tel.: 1 (212) 504-6600
Fax: 1 (212) 504-6666
E-mail: Louis.Solomon@cwt.com

September 23, 2013

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of September, 2013, I caused a copy of the within Responses and Objections to Plaintiffs' First Request for Production to be mailed to the following counsel of record:

Steven E. Snow, Esq.
Partridge Snow & Hahn LLP
180 South Main Street
Providence, RI  02903

Gary P. Naftalis, Esq.
Jonathan M. Wagner, Esq.
Tobias B. Jacoby, Esq.
Kramer Levin Naftalis & Frankel LLP
1177 Avenue of the Americas
New York, NY  10036

_____