# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| CONGREGATION JESHUAT ISRAEL, | |
| Plaintiff | |
| v. | C.A. NO. 12-822-M |
| CONGREGATION SHEARITH ISRAEL. | |
| Defendant | |

### PLAINTIFF CONGREGATION JESHUAT ISRAEL'S MOTION *IN LIMINE*

Plaintiff Congregation Jeshuat Israel, through its undersigned counsel, hereby moves this Court for an order *in limine* precluding Defendant Congregation Shearith Israel from presenting testimony at trial by its lead trial counsel, Louis M. Solomon. In support of its motion, Plaintiff relies upon the accompanying Memorandum of Law.

Respectfully Submitted:

CONGREGATION JESHUAT ISRAEL,

By Its Attorneys,

PARTRIDGE SNOW & HAHN LLP

*//s//Steven E. Snow*
Steven E. Snow (#1774)
180 South Main Street
Providence, RI  02903
(401) 861-8200 / (401) 861-8210 FAX
ses@psh.com

KRAMER LEVIN NAFTALIS &
FRANKEL LLP

Gary P. Naftalis (admitted *pro hac vice)*
Jonathan M. Wagner (admitted *pro hac vice*)
Tobias B. Jacoby (admitted *pro hac vice*)
1177 Avenue of the Americas
New York, NY 10036
(212) 715 9253 / (212) 715 9238 FAX
gnaftalis@kramerlevin.com
jwagner@kramerlevin.com
tjacoby@kramerlevin.com

DATED: March 20, 2015

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of March, 2015, I caused a true copy of the within document to be delivered through the ECF system to all counsel of record.

*//s//    Steven E. Snow*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| CONGREGATION JESHUAT ISRAEL, | |
| Plaintiff | |
| v. | C.A. NO. 12-822-M |
| CONGREGATION SHEARITH ISRAEL. | |
| Defendant | |

**<u>MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION *IN LIMINE*</u>**

Plaintiff Congregation Jeshuat Israel ("CJI"), by its undersigned counsel, hereby submits the following memorandum in support of its Motion *in Limine* to preclude Defendant Congregation Shearith Israel from presenting testimony at trial by its lead trial counsel, Louis M. Solomon, Esq.

This case is unusual for many reasons, not the least of which is that Defendant's lead counsel, Louis M. Solomon, Esq. (admitted *pro hac vice*), is also the "Parnas" of Defendant Congregation Shearith Israel ("CSI"). At CSI, the Parnas is the functional equivalent of the President of the congregation and Chairman of its Board of Trustees.

This case focuses to a significant extent upon events which occurred over 100 years ago and, in some instances, upon events over 200 years old. There are no living witnesses to these events. Mr. Solomon, because of his dual positions in this case, was identified as a person with knowledge of the case and has held out the possibility that he will testify, apparently concerning events in 2012 when the dispute between the two congregations arose and when he purportedly became aware of the potential sale of Rimonim to the Museum of Fine Arts.

On June 27, 2014, counsel for CJI wrote Mr. Solomon, asking: "Will you be a witness at trial?" Mr. Solomon responded on July 18, saying: "I think no, and no one has even

suggested yes," but he added a caveat that "if what I think are factually and legally meritless assertions by your side put in issue issues of which I am a percipient witness, no one could rule out the possibility," thereby reserving to himself the possibility of testifying depending on how the trial went.

On February 27, 2015, counsel for CJI again wrote Mr. Solomon, following up on the inquiry and pointing out that discovery was essentially complete and trial only two months away. Mr. Solomon was told that counsel for CJI needed to know for certain whether or not Mr. Solomon will be a witness at trial or whether he will be appearing as counsel. On March 4, 2015, Mr. Solomon responded by email, indicating only that "as of now our view remains the same." Mr. Solomon further stated, "I think witness lists are due in April. If you want a mutual acceleration of those, we are amenable," thus suggesting that CJI will only find out whether Mr. Solomon will be a witness when the parties exchange witness lists before trial.

Mr. Solomon has not responded to a subsequent letter requesting an answer. A true and accurate copy of the above-referenced correspondence is attached hereto as <u>Exhibit A</u>.

Rule 3.7 of the Rhode Island Rules of Professional Conduct establishes the general rule that "a lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness …." In interpreting that rule, the Rhode Island Supreme Court has observed that the rule puts strict limits on a trial lawyer's ability to testify at trial. *State v. Smith*, 602 A.2d 931, 937 (R.I. 1992) (In a civil case, a lawyer likely to be called as a witness may not try the case at bar).

CJI is not seeking Mr. Solomon's disqualification as trial counsel inasmuch as he has not indicated that he is going to be a witness. Yet Mr. Solomon's use of ambiguity and his refusal to state definitively that he is not going to testify as a witness in this case garners CSI an unfair advantage and prejudices CJI's ability to properly prepare for trial. Since Mr. Solomon

2

refuses to "fish or cut bait" with respect to this issue voluntarily, this Court should clarify the issue for him and order that, due to his status as trial counsel, he be precluded from testifying as a witness at trial.

        Respectfully Submitted:

        CONGREGATION JESHUAT ISRAEL,

        By Its Attorneys,

        PARTRIDGE SNOW & HAHN LLP

        *//s//Steven E. Snow*
        Steven E. Snow (#1774)
        40 Westminster Street, Suite 1100
        Providence, RI  02903
        (401) 861-8200 / (401) 861-8210 FAX
        ses@psh.com


        KRAMER LEVIN NAFTALIS & FRANKEL LLP

        Gary P. Naftalis (admitted *pro hac vice)*
        Jonathan M. Wagner (admitted *pro hac vice*)
        Tobias B. Jacoby (admitted *pro hac vice*)
        1177 Avenue of the Americas
        New York, NY 10036
        (212) 715 9253 / (212) 715 9238 FAX
        gnaftalis@kramerlevin.com
        jwagner@kramerlevin.com
        tjacoby@kramerlevin.com

DATED:  March 20, 2015


## CERTIFICATE OF SERVICE

        I hereby certify that on the 20th day of March, 2015, I caused a true copy of the within document to be delivered through the ECF system to all counsel of record.

        *//s//Steven E. Snow*

2452002_1/7804-2

3