UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| CONGREGATION JESHUAT ISRAEL, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 12-822M |
| | : | |
| CONGREGATION SHEARITH ISRAEL, | : | |
| | : | |
| Defendant. | : | |

**CONGREGATION SHEARITH ISRAEL'S OPPOSITION TO
PLAINTIFF'S MOTION COMPEL**

Defendant Congregation Shearith Israel ("Shearith Israel") respectfully submits this memorandum in opposition to the May 1, 2015 Motion to Compel (the "CJI Motion") of plaintiff Congregation Jeshuat Israel ("CJI") and in accordance with the timing requested by the Court.

CJI's motion is without merit and is an intentional effort to distract Shearith Israel's trial preparation. Shearith Israel's expert witness, Dr. Vivian Mann, and Shearith Israel's counsel reviewed Shearith Israel's extant files from the first half of the 19th Century, and we asked Dr. Mann to review her prior research, which was more extensive than just Shearith Israel's files, in an attempt to locate what CJI claims is a document identified by Dr. Mann at her deposition and demanded by CJI. We were not successful, and we told CJI exactly that multiple times, including during the parties' pre-trial conference on April 14, 2015. CJI Motion at 2. As Shearith Israel made clear to CJI during Dr. Mann's deposition, "We don't know the document." Ex. A (Deposition of Dr. Vivian Mann ("Mann Dep.") 211:5-6).

Another several hours of searching by Dr. Mann (at Shearith Israel's expense) and by counsel occurred this week, as Shearith Israel undertook to do exactly what it promised via email to CJI's counsel on April 15. *See id*. We have not found the particular document. That should

have ended the matter, and counsel for CJI can make whatever arguments they believe have merit based on the facts.

We hasten to add that the absence of this document does not prejudice CJI, nor does it advantage Shearith Israel. Dr. Mann did not rely on this document for her opinion. CJI is trying to confuse the Court by referring to how Torah scrolls were kept when Dr. Mann has shown that the rimonim were treated differently. The documents supporting Dr. Mann's view on this were relied on and disclosed by her, and included the 1833 minutes chronicling the movement of the Torah scrolls, which she testified "laid the groundwork for [her] opinion." *See* Ex. A (Mann Dep. at 18:25-19:17). This document was produced to CJI and was extensively discussed in Dr. Mann's expert report. *See* Ex. B (CSI5257-59); Ex. C (Mann Report at 8-9). This document, along with another set of minutes produced to CJI and discussed in Dr. Mann's report (*see* Ex. D (CSI5273-76)) informed her opinion that there was no documented connection between the movement of the Torah Scrolls and the movement of the silver. *See* Ex. A (Mann Dep. at 20:15-21:3). This opinion was formed independently of the document that now cannot be located.

This whole distraction was unnecessary. Whether or not the additional document could be found, the fact remains that the documents that do exist show that the Torah scrolls and rimonim were treated separately – exactly what Dr. Mann says the document she can't find indicates. The additional document would have provided additional support for an opinion, developed from reviewing unrelated minutes.

CJI's Motion is also without legal support (nor does it cite any). Courts routinely deny motions to compel and requests for a negative inference in light of a party's diligent, good-faith, but ultimately unsuccessful searches. *See, e.g.*, *Secretary of Labor, Mine Safety and Health Administration v. Petitioner*, 33 FMSHRC 2027, 2027, 2011 WL 4440686, at *1 (denying a motion to compel and request for negative inference and noting that "I cannot order a party to

produce something it does not have. Nor can I penalize [defendant] by drawing an adverse inference from their absence"); *Scott v. Palmer*, 2015 WL 1637781, at *3 (E.D. Cal. Apr. 13, 2015) (denying motion to compel when defendant "stated they conducted a diligent search and were unable to locate any responsive documents"); *Abt v. Jewell*, 303 F.R.D. 166, 170 (D.D.C. 2014) (denying motion to compel and noting that a party "cannot produce reassignment documents it has been unable to locate"); *Hsieh v. Nicholson*, 2007 WL 2438315, at *1 (N.D. Cal. Aug. 23, 2007) (denying motion to compel and noting that "defendant has made an adequate showing that after reasonable search and inquiry, he is unable to locate the additional documents sought by the plaintiff"); *Starbuzz Tobacco, Inc. v. Al-Amir, Inc.*, 2010 WL 4774077, at *2 (E.D. Mich. Nov. 16, 2010) (denying motion to compel where defendants produced relevant documents in their possession and averred that "they have been unable to locate any responsive documents despite diligent effort").

Dr. Mann and counsel for Shearith Israel have conducted an extensive but unsuccessful search to find the document mentioned by Dr. Mann.  And Shearith Israel made clear to CJI that at no time did it have custody or control over this document.

## CONCLUSION

For the foregoing reasons, the Court should deny CJI's Motion in its entirety.

    CONGREGATION SHEARITH ISRAEL,

    By its Attorneys,

    /s/ Deming E. Sherman
    Deming E. Sherman (#1138)
    LOCKE LORD LLP
    2800 Financial Plaza
    Providence, RI  02903
    (401) 274-9200
    (401) 276-6611
    E-mail: deming.sherman@lockelord.com

/s/ Louis M. Solomon
Louis M. Solomon (Admitted *Pro Hac Vice*)
CADWALADER, WICKERSHAM & TAFT LLP
One World Financial Center
New York, NY  10281
Tel.: (212) 504-6600
Fax: (212) 504-6666
E-mail: Louis.Solomon@cwt.com

May 8, 2015

- 5 -

**<u>CERTIFICATE OF SERVICE</u>**

    I hereby certify that on the 8th day of May, 2015, this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants.

        /s/ Louis M. Solomon