# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| CONGREGATION JESHUAT ISRAEL, | |
| Plaintiff, | |
| v. | Case No. 1:12-cv-00822-LM-AKJ |
| CONGREGATION SHEARITH ISRAEL, | |
| Defendant. | |

## PLAINTIFF'S RESPONSE TO
## DEFENDANT'S MOTION FOR ENTRY OF JUDGMENT

Plaintiff Congregation Jeshuat Israel ("CJI") respectfully submits this response to the motion of Defendant Congregation Shearith Israel ("CSI") for relief under Fed. R. Civ. P. 58. (Dkt. 136).

CSI appears to move under Fed. R. Civ. P. 58(b)(2)(B) and (d). Neither rule applies.

Fed. R. Civ. P. 58(b)(2)(B) provides that "the court must promptly approve the form of the judgment, which the clerk must promptly enter, when: . . . (B) the court grants other relief not described in this subdivision (b)." Nothing on the face of this rule authorizes a party to move for relief.

Even putting that issue aside, CSI's motion misses the mark. CSI argues that the June 18, 2018 judgment does not comport with Fed. R. Civ. P. 58(b)(2)(B) because the judgment "apparently" was entered by the clerk "without prior District Court authorization." (Dkt. 136-1 at 1; *see also id.* at 4 ("To begin, it does not appear that the Clerk was authorized to enter judgment without the District Court's prior approval.")). There is no basis for CSI's claim. But even were CSI correct, the clerk was still required to enter the judgment. *See Burnley v. City of*

KL3 3175283.7

*San Antonio*, 470 F.3d 189, 194 (5th Cir. 2006) ("[E]ven when the court fails to promptly approve the form of a separate document judgment under FRCP [58] . . . the clerk is required and authorized to make such an entry" under Fed. R. Civ. P. 79(a)).[1]

Fed. R. Civ. P. 58(d) likewise does not apply. Under that rule, "[a] party may request that judgment be set out in a separate document as required by Rule 58(a)." The June 18 judgment already is a "separate document." (Dkt. 128). Moreover, given that the June 18 judgment was issued "[u]pon remand of this matter from the United States Court of Appeals and pursuant to the Opinion entered on August 3, 2017" (*id.*), CSI's motion seeks to apply Rule 58 outside its intended context of use. "The sole purpose of the separate-document requirement, which was added to Rule 58 in 1963, was to clarify when the time for appeal under 28 U.S.C. § 2107 begins to run." *Bankers Trust Co. v. Mallis*, 435 U.S. 381, 384 (1978)).[2]

CSI notably did not move to amend the judgment under Rule 59(e) ("Motion to Alter or Amend a Judgment") or Rule 60 ("Relief from a Judgment or Order").

Ultimately, no matter the rule, the relief requested by CSI is not necessary. The Opinion of the Court of Appeals speaks for itself. And nothing in the June 18 judgment is inconsistent with that Opinion.

---

[1] To the extent CSI may argue that there could be no court approval before the case was transferred to a judge who had not previously presided over the matter, that argument also lacks support. The Court of Appeals stated in its Opinion that only (i) "[a]ny new action" and (ii) any "motion for fees and costs" shall be heard by a "judge not already fatigued by this litigation." *Congregation Jeshuat Israel v. Congregation Shearith Israel*, 866 F.3d 53, 62 (1st Cir. 2017).

[2] While CJI disagrees with aspects of CSI's account of the history of this case (Dkt. 136-1 at 1-3), CJI does not believe that CSI's characterizations are relevant on this motion.

The amended judgment proposed by CSI, by contrast, is not consistent with the Court of Appeals' Opinion. Paragraph 4 of CSI's proposed amended judgment states: "This Amended Judgment is without prejudice to CSI to bring claims raised by it but not resolved herein in a new action, and to CSI's request for counsel fees and costs." (Dkt. 136-2, ¶ 4). CSI appears to base this language on the second to last paragraph of the Court of Appeals' Opinion. 866 F.3d at 62. However, that paragraph comes *after* the Court of Appeals stated it was remanding the case "for entry of judgment consistent with the conclusions set out *above*." *Id.* (emphasis added). The Court of Appeals thus expressly excluded from the judgment the content of CSI's proposed paragraph 4.[3]

\* \* \*

---

[3] In addition, the language of paragraph 1 of CSI's proposed amended judgment, "Judgment is hereby entered for Defendant Congregation Shearith Israel ('CSI') and against Congregation Jeshuat Israel ('CJI')," is not explicitly stated in the Court of Appeals' Opinion.

- 3 -

Based on the foregoing, CJI respectfully requests that the Court deny CSI's motion.

CONGREGATION JESHUAT ISRAEL,

By Its Attorneys,

PARTRIDGE SNOW & HAHN LLP

/s/ Steven E. Snow
Steven E. Snow (#1774)
40 Westminster Street, Suite 1100
Providence, RI 02903
(401) 861-8200 / (401) 861-8210 FAX
ses@psh.com

KRAMER LEVIN NAFTALIS & FRANKEL LLP

/s/ Gary P. Naftalis
Gary P. Naftalis (admitted *pro hac vice*)
Jonathan M. Wagner (admitted *pro hac vice*)
1177 Avenue of the Americas
New York, NY 10036
(212) 715-9253 / (212) 715-9238 FAX
gnaftalis@kramerlevin.com
jwagner@kramerlevin.com

DATED: July 24, 2018

## CERTIFICATE OF SERVICE

I hereby certify that on the 24th day of July, 2018, I caused a true copy of the within document to be delivered through the ECF system to all counsel of record.

/s/ Steven E. Snow

3345921.1/13945-6