UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND


<u>Congregation Jeshuat Israel</u>

    v.                          Civil No. 12-cv-00822-LM-AKJ

<u>Congregation Shearith Israel</u>


# <u>O R D E R</u>

This case involves the parties' dispute about ownership rights in real and personal property associated with the Touro Synagogue in Newport, Rhode Island.  The Rhode Island District Court entered judgment in favor of plaintiff.  On appeal, the First Circuit reversed, ruled in favor of defendant, and remanded for entry of judgment consistent with its opinion.  <u>See</u> <u>Congregation Jeshuat Israel v. Congregation Shearith Israel</u>, 866 F.3d 53, 62 (1st Cir. 2017).  Before the court is defendant Congregation Shearith Israel's ("CSI"), motion for proper entry of judgment.  Doc. no. 136.  Plaintiff, Congregation Jeshuat Israel ("CJI") objects.  For the following reasons, the court grants CSI's motion.


## BACKGROUND

CJI and CSI are both Jewish congregations.  A dispute arose between the two congregations about the ownership of the Touro

Synagogue and a pair of rimonin used for worship at the Synagogue.[1]  In 2012, CJI filed suit against CSI seeking a declaratory judgment that CJI is the lawful owner of the rimonim.  Congregation Jeshuat Israel, 866 F.3d at 56.  CSI counterclaimed, seeking a declaratory judgment that it had full legal and equitable rights to the rimonim and to the Touro Synagogue and its lands.  Id.  After a nine-day bench trial, the Rhode Island District Court ruled in favor of CJI and entered judgment in favor of CJI and against CSI on May 16, 2016.  Doc. nos. 118, 119.

On appeal, the First Circuit reversed the district court and ruled in favor of CSI.  Congregation Jeshuat Israel, 866 F.3d at 61-62.  The First Circuit found that "the only reasonable conclusions about property, title, ownership, and control that can be drawn from" the record are that:

> (a)  CSI is fee owner of the Touro Synagogue building, appurtenances, fixtures, and associated land as described in the 1903 lease;
>
> (b)  likewise CSI is owner of the rimonim in issue here;
>
> (c)  in each case CSI's ownership is free of any trust or other obligation to CJI except as lessor to CJI as holdover lessee; [and]

---

[1] The rimonim at issue here are "a pair of finials with attached bells made of silver and gold and designed to surmount the shafts around which the Torah scrolls were rolled." Congregation Jeshuat Israel, 866 F.3d at 55.

2

(d)   CJI's interest in the Synagogue building and
      related real property mentioned above is solely
      that of holdover lessee.

Id. at 61-62 (footnote omitted).  The First Circuit held: "We
accordingly reverse the judgment of the district court and
remand the case for entry of judgment consistent with the
conclusions set out above."  Id. at 62 (emphasis omitted).  It
further noted that this judgment should be "without prejudice to
CSI to bring claims raised by it but not resolved here in a new
action."  Id.  And, that CSI's request for attorney's fees and
costs should be resolved on remand by the district court.  Id.
CJI then filed a petition for rehearing and for rehearing en
banc, both of which were denied.  See Congregation Jeshuat
Israel v. Congregation Shearith Israel, 892 F.3d 20 (1st Cir.
2018).

On remand, the Rhode Island District Court clerk entered
judgment on June 18, 2018 as follows: "Upon remand of this
matter from the United State's [sic] Court of Appeals and
pursuant to the Opinion entered on August 3, 2017, the Judgment
of this Court entered on May 16, 2016 is hereby reversed."  Doc.
no. 128.  The case was then transferred from the Rhode Island
District Court to this court (doc. no. 130), and CSI filed the
instant motion.

## DISCUSSION

CSI takes issue with the text of the June 18, 2018 judgment entered by the Rhode Island District Court clerk after remand from the First Circuit.  Specifically, CSI asks this court to enter a "proper judgment" in place of that June 18, 2018 judgment.  It requests that the replacement judgment conform with the First Circuit's remand order by: (1) expressly entering judgment in favor of CSI and against CJI; (2) stating that the district court's prior order is vacated and reversed; (3) listing the four specific conclusions made by the First Circuit as to the parties' respective legal rights; and (4) noting that the judgment is without prejudice to CSI's ability to bring claims raised but not resolved by the appeal, and its request for attorney's fees and costs.  See doc. no. 136-2 (proposed amended judgment).

The court agrees that the June 2018 judgment should be clarified.  Pursuant to Federal Rule of Civil Procedure 60(a), this court "may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record."  The court may do so by motion of the parties or "on its own, with or without notice."  Fed. R. Civ. P. 60(a).  A motion under Rule 60(a) "is

appropriate where the the judgment failed to reflect the court's intention." Bowen Inv., Inc. v. Carneiro Donuts, Inc., 490 F.3d 27, 29 (1st Cir. 2007) (internal quotation marks omitted).  Said differently, Rule 60(a) "is properly employed where the intention to include a particular provision in the judgment was clear, but the judge neglected to include the provision." Id. (quoting 11 Wright & Miller, Fed. Prac. & Proc., § 2854 (2d ed. 1995)).  This is precisely CSI's contention: it asserts that the First Circuit intended that the information identified by CSI be included in the entry of judgment on remand, but that the information was omitted.  See id. at 29 (observing that plaintiff correctly brought motion under Rule 60(a) where it asserted that defendant had mistakenly been omitted as a responsible party on a particular claim).[2]

The language of the First Circuit's opinion, quoted in relevant part above, makes the Circuit's intentions clear.  The

_____

[2] The court notes that CSI invoked Federal Rule of Civil Procedure 58, not Rule 60(a), in support of its motion. However, the First Circuit has acknowledged that a "recharacterization" of a party's argument under another more suitable rule is permissible.  Ira Green, Inc. v. Military Sales & Serv. Co., 775 F.3d 12, 27 n.8 (1st Cir. 2014) ("[A] district court is not bound by the label that a party affixes to a motion but ordinarily may recharacterize the motion as invoking a more appropriate rule.").

Circuit expressly intended that: (1) the district court's judgment be reversed; (2) the case be remanded for entry of judgment for CSI and against CJI; (3) the judgment entered on remand be consistent with the four specific conclusions about the parties' legal rights to the Synagogue and rimonim that the Court enumerated in the opinion; and (4) the judgment entered on remand was without prejudice to CSI's ability to later bring claims not resolved by the opinion, and its ability to seek attorney's fees and costs before the district court.  See Congregation Jeshuat Israel, 866 F.3d at 61-62.  Replacing the June 18, 2018 judgment with CSI's proposed judgment (doc. no. 136-2) is appropriate under Rule 60(a); CSI's proposed judgment modifies the language to reflect the First Circuit's intentions. See Bowen, 490 F.3d at 29.  Clarifying the judgment is consistent with this court's duty to "comply strictly with the mandate rendered by the reviewing court."  Colorado Interstate Gas Co. v. Nat. Gas Pipeline Co. of Am., 962 F.2d 1528, 1534 (10th Cir. 1992).

## CONCLUSION

For the foregoing reasons, CSI's motion (doc. no. 136) is granted.  The June 18, 2018 judgment (doc. no. 128) is vacated. Pursuant to Federal Rule of Civil Procedure 58(a), the court

6

orders the clerk of this court to enter judgment in a separate document consistent with the proposed amended judgment filed by CSI at document number 136-2.

      SO ORDERED.

                            _____
                            Landya McCafferty
                            United States District Judge
                            Sitting by Designation

March 5, 2019

cc:   Counsel of Record